No. 24,987.

W. D. WINSLOW, *Appellee*, v. THE KANSAS STATE BOARD OF DENTAL EXAMINERS et al., *Appellants*.

SYLLABUS BY THE COURT.

DENTIST—*Practicing Dentistry Under Name Other Than His Own—License Revoked.* The facts considered, and *held,* plaintiff is practicing dentistry under a name other than his own, within the meaning of the statute authorizing the board of dental examiners to revoke license to practice for such conduct.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed February 9, 1924. Reversed.

*Charles B. Griffith,* attorney-general, *W. C. Ralston, Dennis Madden,* assistant attorneys-general, *Justus N. Baird,* county attorney, and *Arthur J. Mellott,* of Kansas City, for the appellants.

*James L. Hogin, Roy R. Hubbard,* both of Kansas City, and *E. D. Ellison,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to enjoin the board of dental examiners from enforcing its order, made after complaint, notice and hearing, revoking plaintiff's license to practice dentistry. A demurrer to the petition, which exemplified the revocation proceedings in full, was overruled, and the board appeals.

Plaintiff, a duly licensed dentist, is an employee of the Eastern Dental Company, a corporation of the state of Missouri, organized for the following purposes:

"To maintain dental parlors for the convenience of the public, and for the purpose of securing the services of competent licensed dentists for the public, and for the purpose of manufacturing, buying and selling dental supplies and equipment."

In December, 1920, the corporation was given a certificate of authority to engage in business in this state, which reads as follows:

"This is to certify that the Eastern Dental Company, a foreign corporation, organized under the laws of the state of Missouri, has complied with the laws of the state of Kansas relating to such corporations, and is authorized to engage in business in this state as a foreign corporation."

The corporation conducts dental parlors in upstairs rooms at No. 606 Minnesota avenue, Kansas City. At the foot of the stairway is a sign, "Eastern Dental Co., Dental Parlors." Similar signs ap-

pear on outside windows of the rooms. On the reception-room door is a sign, "Eastern Dental Co.," in large letters, and the name "W. D. Winslow," in letters two inches high. The company parades over its own name the practice of dentistry, in the sensational manner of advertising dentists, by crass newspaper advertisements and handbills. Plaintiff's name does not appear in the company's advertisements.

Plaintiff is the company's dental operator. He is paid a salary and commissions for his work. He makes no contracts with patients and issues no receipts in his own name. Such documents are signed "Eastern Dental Co., per B. A." B. A. is the company's office girl. When a customer pays plaintiff for work done, he turns the money over to the office girl for the company. He receives his pay from the company weekly. His name appears on the wall opposite the chair in the operating room, and on the same wall hang his state license and city license. Except those having large contracts, patients whom he treats may or may not see or know his name. At the time of the hearing before the board, the company had two operators in its place of business, and one witness who had been treated there testified three men had worked on him.

The statute relating to the licensing of dentists reads as follows:

"Any person shall be regarded as practicing dentistry or dental surgery within the meaning of this act who shall for a fee, salary, or other reward, paid or to be paid, directly or indirectly, either to himself or to another person, perform a dental operation of any kind, treat diseases or lesions of the human teeth or jaws, or correct or attempt to correct malpositions thereof; and the use of any sign, card, circular, device or advertisement by which any person shall hold himself out to the public as a dentist or a dental surgeon, or person skilled in the science of dentistry, shall be considered *prima facie* evidence that such person is engaged in the practice of dentistry and dental surgery; . . .

"The board may refuse to issue the license provided for in this act, or may revoke such license if issued to the individuals who have by false or fraudulent representations obtained or sought to obtain money or any other thing of value or have practiced under names other than their own, or for any other dishonorable conduct." (R. S. 65-1405 and 65-1407.)

Plaintiff testified he is employed by the company in the capacity of dental operator, and the facts stated disclose a plain case of a foreign corporation practicing dentistry in this state, whose operator practices under its name.

Dentistry is a profession having to do with public health, and so is subject to regulation by the state. The purpose of regulation is

to protect the public from ignorance, unskillfulness, unscrupulous-ness, deception, and fraud. To that end the state requires that the relation of the dental practitioner to his patients and patrons must be personal.

It will be observed that, in stating causes for cancellation of license, the statute places practicing under a name not one's own between fraudulent conduct and "other dishonorable conduct." Plaintiff contends that practicing under another name must involve false impersonation. While "other dishonorable conduct" must relate to professional matters and involve moral delinquency (*Richardson v. Simpson,* 88 Kan. 684, 690, 129 Pac. 1128), it is not limited to gross forms of unworthiness, and disciplinary action is not restricted to cases of departure from coarse standards of propriety only. In the case cited, license was revoked for failure to fulfill a promise to make needed repairs without extra charge. Likewise, the provision against cloaking professional identity is not to be narrowly interpreted. It helps to prevent unlicensed practice of dentistry, gives the board better supervision over the profession, and affords a measure of protection to the public from methods, pretensions and impostures of charlatanry.

In the instant case, plaintiff's conduct is gravely reprehensible from the standpoint of morality. Corporations may not be graduated from dental colleges, they have neither learning nor skill, and they may not be examined, registered, nor licensed as dentists. Therefore the legislature does not permit the organization of a domestic corporation to practice dentistry, and because of that fact, a foreign corporation may not be authorized to practice dentistry in this state. (R. S. 17-503.) As a matter of law, the Eastern Dental Company has no authority to do any corporate business in this state except to manufacture, buy and sell dental supplies and equipment. The charter board lacked power to grant it permission to do any other kind of business in this state, and the general terms of the certificate issued to the company must be interpreted accordingly. In any event, the company is practicing dentistry in this state under subterfuge, and plaintiff is collaborating with it in a scheme to circumvent the law and the public policy of the state.

The judgment of the district court is reversed, and the cause is remanded with direction to sustain the demurrer to the petition.