No. 25,920.

B. W. CRABB, *Appellant*, v. THE KANSAS STATE BOARD OF DENTAL EXAMINERS, *Appellee.*

SYLLABUS BY THE COURT.

PHYSICIANS AND SURGEONS—*Revocation of Dental License—Dishonorable Conduct.* Under the statute regulating the practice of dentistry, the state board of dental examiners may revoke a license to practice dentistry upon the grounds of drunkenness of the practitioner in public places and the operation of an automobile on the streets of a city when he was under the influence of intoxicating liquor, well established, after due notice to him of the charges made in a written complaint and a hearing thereof.

Appeal from Reno district court; WILLIAM G. FAIRCHILD, judge. Opinion filed May 9, 1925. Affirmed.

*Eustace Smith*, of Hutchinson, for the appellant.

*Charles B. Griffith*, attorney-general, and *W. C. Ralston*, assistant attorney-general, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an appeal from a judgment denying an injunction and dismissing plaintiff's action.

33—118 KAN.

Dr. B. W. Crabb was a dentist and had obtained a license from the state board of dental examiners on December 9, 1914, and had been engaged in the practice of dentistry in Hutchinson since 1916. On May 23, 1924, a verified complaint was made to the state board alleging that plaintiff had been arrested upon a charge of being drunk upon the streets and other public places of the city of Hutchinson on August 6, 1923, in violation of an ordinance of the city. To this charge the doctor pleaded guilty and was sentenced by the court to pay a fine of $25 and be imprisoned for thirty days in the city jail of the city. Also that on August 15, 1923, he was again arrested upon a complaint charging him with driving and operating an automobile on the streets of the city while under the influence of intoxicating liquor in violation of a city ordinance, and that he had pleaded guilty to the charge, and was sentenced to pay a fine of $200 and the costs of the action, taxed at $217.50, and to stand committed to the city jail until the fine and costs were paid. The complaint further stated that in these acts he had been guilty of dishonorable conduct and that his license to practice dentistry in Kansas should be revoked. After due notice to the plaintiff, a hearing was had by the Kansas state board of dental examiners, at which time the defendant appeared and admitted all of the facts set forth in the complaint, and also admitted that he had been duly served with notice as to the time and place of a hearing on the complaint made before the board. He contended, however, that the charges made did not constitute grounds for the revocation of his license within the meaning of the statute. After the hearing, and the case had been taken under advisement by the dental board, and before it had adjourned, the plaintiff instituted an action in the district court to enjoin the board from revoking or attempting to revoke his license. At a hearing upon the application to enjoin the revocation of his license, and upon the admitted facts, the court denied the injunction and dismissed the action. Subsequently the state dental board found that the admitted facts constituted grounds for revoking plaintiff's license and an order of revocation was made.

The principal question for consideration is, Did the admitted drunkenness of the plaintiff on the streets and other public places of the city, and his conviction therefor, and the further fact that shortly afterwards he was arrested for operating an automobile on the streets of the city while under the influence of intoxicating liquors, which resulted in his conviction, warrant the revocation of

Crabb v. Board of Dental Examiners.

the plaintiff's license to practice dentistry?  A provision of the statute is that:

"The board may refuse to issue the license provided for in this act, or may revoke such license if issued, to individuals who have by false or fraudulent representations obtained or sought to obtain money or any other thing of value, or have practiced under names other than their own, or for any other dishonorable conduct." (R. S. 65-1407.)

The contention of the plaintiff is that the legislature in enumerating the two specific grounds for refusing a license or revoking one. that had been issued, and adding the general words "for any other dishonorable conduct," intended that the general words should be restricted and include only conduct of the classes specifically mentioned and that it must be conduct connected with the profession of dentistry or the practice thereof.  The rule of *ejusdem generis* is invoked, and that rule is applicable where there is doubt as to the intention of the legislature, but it is not of itself a rule of interpretation, but only an aid to interpretation, and must always yield to the manifest legislative intent.  (*The State v. Prather,* 79 Kan. 513, 100 Pac. 57.)  It will be observed that the specific terms of the statute refer to different and unrelated subjects.  One of them is the obtaining of money or other thing of value by false or fraudulent representations, which would include offenses or conduct not necessarily connected with the practice of dentistry.  The other, which is practicing under a name other than his own, has relation to the practice.  It appears that the two kinds of misconduct are materially different, and it has been held that when the specific words or subjects greatly differ from one another, the doctrine does not apply. Where such disparity exists the general words are not restricted, but are to be given their natural and wider meaning.  (*Brown v. Corbin,* 40 Minn. 508; *McReynolds v. The People,* 230 Ill. 623; *State v. Eckhardt,* 232 Mo. 49.)

We think that drunkenness in the circumstances stated involves dishonorable conduct, and that one who is drunk is unfit for the practice of dentistry.  One in that condition has not the normal control of his physical and mental faculties.  His judgment and fitness for professional work is not only impaired, but the charges to which the plaintiff has confessed constituted public offenses. (R. S. 21-2128, 21-2160.)  The statute requires that anyone applying for a license to practice dentistry must show that he is a person of good moral character, implying that only those having that qualification

are entitled to practice dentistry. What constitutes good moral character is not easy to determine or define, but upon general principles one who does that which is forbidden and penalized by the law of the land does not possess the character and fitness required by the statute. Whatever is forbidden by law must for the time being be considered as immoral. (*In re Spencer*, 22 Fed. Cas. 921; 4 Words & Phrases, 3124; 2 Words & Phrases, 2d series, 759.) In *Winslow v. Board of Dental Examiners*, 115 Kan. 450, 223 Pac. 308, one having a license practiced dentistry for a corporation under the name of the corporation. While the practice of the profession under a name other than his own is a specific ground for exclusion from the practice, it was held that the plaintiff's conduct in that respect was "gravely reprehensible from the standpoint of morality." Likewise it must be held that the admitted violations of law constitute dishonorable conduct within the meaning of the statute under consideration. The legislature appreciated the importance of morality and honor in those practicing dentistry because of the personal contact and close relations which necessarily exist between the dentist and the patient he treats and upon whom he operates, and manifestly intended to exclude from the profession those who fall below the standard of good moral character and honorable conduct. In *Winslow v. Board of Dental Examiners*, supra, it was said:

"Dentistry is a profession having to do with public health, and so is subject to regulation by the state. The purpose of regulation is to protect the public from ignorance, unskillfulness, unscrupulousness, deception and fraud. To that end the state requires that the relation of the dental practitioner to his patients and patrons must be personal." (p. 451.)

This close relation differs only in degree from that of a physician with his patients, and the good moral character and honorable conduct of the practitioner in either profession are essential qualifications. (*Meffert v. Medical Board*, 66 Kan. 710, 72 Pac. 247.)

Counsel refer to certain language relating to conduct of a dentist not connected with his profession, used in *Richardson v. Simpson*, 88 Kan. 684, 129 Pac. 1128, as being inconsistent with the view we have taken. The expression was only used by way of illustration and is conceded to be *obiter dicta*. Besides, as we have seen, good moral character is a requisite qualification of a dentist. Being an essential element in his qualifications, his immorality cannot be said to have no connection with the exercise of his profession. The conceded conduct of the defendant involved moral delinquency such

as constitutes dishonorable conduct within the meaning of the statute, and warranted the state board of dental examiners in entertaining the complaint made against plaintiff and the revocation of his license.

The judgment is affirmed.