SEITZ *v.* OHIO STATE MEDICAL BOARD.

*State medical board—Revocation of physician's certificate—Section 1275, General Code—Board not required to file petition setting forth issues—Evidence—Purpose of prescribing drugs inadmissible where conviction under narcotic law established—Physician convicted of felony although only fine and jail sentence imposed—"Felony," and "gross immorality" construed—Violation of Harrison Narcotic Act constitutes gross immorality, when.*

1. In proceeding under Section 1275, General Code, to revoke certificate to practice medicine, motion by physician to compel medical board to file petition in common pleas setting forth issues on which case would be tried was properly overruled; statute not authorizing pleadings, but contemplating that case be heard on issues raised before board.

2. In proceeding under Section 1275, General Code, to revoke certificate to practice medicine, evidence showing that

physician had been previously charged on various counts with selling opium and verdict of jury finding him guilty on such counts were sufficient to show conviction of selling narcotics in violation of Harrison Narcotic Act (Sections 5452 to 5462, Barnes' Fed. Code; U. S. Comp. Stats., Sections 6287g to 6287q), though entries in journal did not state nature of offense, and evidence that physician had not prescribed narcotics to satisfy drug addicts was properly excluded.

3. In proceeding under Section 1275, General Code, to revoke certificate of practicing physician, conviction of physician for violating U. S. C. Title 26, Section 705 (Section 5460, Barnes' Fed. Code; U. S. Comp. Stats., Section 6287o), relating to narcotics, providing for imprisonment of not more than five years or not more than $2,000 fine, or both, was conviction of a "felony," defined by Section 12372, General Code, and by U. S. C. Title 18, Section 541 (Section 10038, Barnes' Code; U. S. Comp. Stats., Section 10509), as offense punishable by death or imprisonment in penitentiary, though physician was only sentenced to county jail for six months and fined $1,000.

4. Generally, offense is a felony, if it may be punished by imprisonment in penitentiary, regardless of what penalty actually is imposed.

5. Term "gross immorality" is descriptive of course of conduct and has received no hard or fast definition.

6. Physician found guilty of 25 violations of Harrison Narcotic Act (Sections 5452 to 5462, Barnes' Fed. Code; U. S. Comp. Stats., Sections 6287g to 6287q) *held* grossly immoral, warranting revocation of certificate to practice medicine under Section 1275, General Code.

(Decided November 30, 1926.)

ERROR: Court of Appeals for Scioto county.

*Mr. Harry Hess,* for plaintiff in error.
*Mr. C. C. Crabbe,* attorney general, and *Mr. Herbert D. Mills,* for defendant in error.

MAUCK, P. J. In 1924 an information was filed

before the state medical board against William Seitz, who at that time held a certificate under the state board to practice medicine and surgery in the state of Ohio, charging Seitz with having been convicted by a jury in the federal court of illegally trafficking in narcotic drugs, and of having been sentenced by said court to be imprisoned in the jail of Hamilton county, Ohio, for the period of six months and to pay a fine of $1,000. The information further recited that the conviction and sentence evidence a "violation of Section 1275 of the General Code of Ohio, namely, gross immorality and conviction of a felony."

After due notice a hearing was had before the state board, which resulted in a revocation of Seitz's certificate to practice medicine in this state. From that order an appeal was taken to the common pleas court of Scioto county, and that court, after a hearing, likewise entered an order revoking the certificate, and from that judgment error is now prosecuted to this court.

In the common pleas a motion was filed by Seitz prior to the trial to require the medical board to file a petition setting forth the issues upon which the case was to be tried. This motion was overruled, which forms the basis of one of the complaints of the plaintiff in error in this court. There was no error in overruling this motion. The statute authorizes no pleadings, but contemplates that the case on appeal in the common pleas shall be heard upon the issues raised before the state medical board. This is no novelty in practice. Appeals from administrative boards to judicial tribunals have long been entertained in this state, and, so

far as we know, uniformly with no new pleadings in the judicial tribunal.

That is the practice under Section 2461, General Code, where appeals are taken from the decisions of the county commissioners, and it is a like proceeding under some of the provisions relating to public roads, where appeals are taken from the county commissioners to the probate court.

The second error urged is that the court refused to fully hear Seitz in his defense. The state had introduced in testimony a certified copy of the journal entries in the federal court in the case of the *United States of America* v. *William Seitz.* These entries show that Seitz had been found guilty, as charged by the government, in twenty-five counts of the indictment, and not guilty, as charged in the remaining counts thereof, and that subsequently judgment was entered upon the verdict committing Seitz to imprisonment in the Hamilton county jail for the period of six months and to pay a fine of $1,000, neither entry indicating the nature of the offense of which he had been found guilty in that court. The record further shows, however, by the plaintiff in error's own evidence, consisting of his exhibits 1 to 18, that the tenth, eleventh, twelfth, fifteenth, sixteenth, seventeenth, eighteenth, and nineteenth counts of the indictment under which he was convicted charged that he was a practicing physician and "did unlawfully, knowingly, willfully and feloniously sell, barter, exchange and give away derivatives and "salts of opium" to the various individuals named in said several counts. The verdict of the jury shows that Seitz was found guilty under the tenth, eleventh, twelfth, sixteenth, seventeenth, eighteenth,

and nineteenth counts, among others, of the indictment. So whatever may have been the purport of the remaining counts of the indictment it is clear enough that the judgment of the federal court was that Seitz unlawfully, knowingly, willfully, and feloniously sold narcotics in violation of the Harrison Narcotic Act (Sections 5452 to 5462, Barnes' Fed. Code; Comp. Stats., Sections 6287g-6287q), and that he had been guilty of 25 different violations of that law during the time covered by the indictment. What the plaintiff in error proposed to prove was that he had not prescribed narcotics solely for the purpose of satisfying the appetite of any drug addict. This line of testimony the court refused to receive, and in such refusal it was right. The judgment of the federal court was conclusive of his guilt and it was not competent for him to retry that question in this proceeding.

Section 1275, General Code, authorizes the state medical board to suspend or revoke the certificate of a practicing physician who has been found "at any time guilty of felony or gross immorality."

It is now claimed by the plaintiff in error that the record does not justify the revocation of his certificate because it does not show him to have been guilty either of a felony or of gross immorality. Under the Ohio statute (Section 12372, General Code), a felony is an offense which may be punished by death or by imprisonment in the penitentiary. By the federal statutes (U. S. C., Title 18, Section 541; Section 10038, Barnes' Fed. Code; Section 10509, U. S. Comp. Stats.), felonies are all offenses which may be punished by death or imprisonment for a term exceeding one year. In U. S. C. Title 26, Section 705; Section 5460, Barnes'

Fed. Code; Section 6287o, U. S. Comp. Stats., relating to trafficking in narcotics, it is provided that one violating that act shall on conviction be fined not more than $2,000 or be imprisoned not more than five years, or both, in the discretion of the court. Plaintiff in error now claims that, inasmuch as he was only committed to the county jail for six months, the effect of that sentence was to make his offense a misdemeanor and not a felony, and relies on *People* v. *Cornell,* 16 Cal., 187, and *Gandy* v. *State,* 10 Neb., 243, 4 N. W., 1019. To these he might have added *Lamkin* v. *People,* 94 Ill., 501, and *Baits* v. *People,* 123 Ill., 428, 16 N. E., 483. An examination of the opinions referred to shows that the Nebraska case rests on the authority of the *Cornell case* in California. The *Cornell case* was, however, later so limited by the Supreme Court of that state, in *People* v. *War,* 20 Cal., 117, as to lose much of its force as an authority. The Illinois cases turned upon language peculiar to the statute of that state and not to be found in our own statute. The rule generally is that an offense is a felony if it may be punished by imprisonment in the penitentiary, regardless of what penalty actually is imposed. The authorities are well collected in the note in 8 Ann. Cas., 821, and this state is clearly in line with the current of authority. *State ex rel.* v. *Hamilton,* 2 C. D., 6, *McKelvy* v. *State,* 87 Ohio St., 1, 99 N. E., 1076. The trial court must therefore have found that the defendant had been convicted of a felony.

During the progress of the trial counsel for the medical board said that, while Seitz was charged with gross immorality, the only facts in support of that charge were the facts forming the basis of

the case upon which he had been convicted in the federal court. As we understand it, the position of the state in that behalf was that, if conviction in the United States Court did not amount to a felony, it, nevertheless, showed such a course of conduct as to be grossly immoral. No evidence of gross immorality was offered, but it was expressly waived except as so shown by the conviction referred to.

The term "gross immorality" has received no hard and fast definition and is probably incapable of one. It is descriptive of a course of conduct, and courts have widely differed upon the application of this and similar terms to given states of fact. In *State Board of Medical Examiners v. Friedman,* 150 Tenn., 152, 263 S. W., 75, the Supreme Court of Tennessee held that a conviction under the Harrison Law, followed by imprisonment in the penitentiary, did not show a case of moral turpitude. On the other hand, the Supreme Court of Kansas, in *Crabb* v. *Board of Dental Examiners,* 118 Kan., 513, 235 P., 829, held that two convictions of drunkenness were sufficient to establish dishonorable conduct, saying broadly that whatever is forbidden by law must for the time being be considered as immoral. Likewise the Court of Appeals of the District of Columbia held, in *Rudolph* v. *United States ex rel. Rock,* 55 App. D. C., 362, 6 F., (2d) 487, 40 A. L. R., 1042, that the commission of an offense, if it involves the violation of a rule of public policy and morals, may involve moral turpitude, and that the transportation of liquor contrary to law is such an offense. In *Indiana Board of Pharmacy* v. *Haag,* 184 Ind., 333, 111 N. E., 178, it was determined that the habitual

and unlawful sale of intoxicating liquors is gross immorality. In West Virginia the Court of Appeals says that gross immorality must be determined according to the common understanding of the ordinary, law-abiding, and reasonable citizens of the country; that the term implies a willful, flagrant, or shameful course of conduct, showing a moral indifference to the opinions of the good and respectable members of the community and to the just obligations of the position held by the delinquent. *Moore* v. *Strickling,* 46 W. Va., 515, 33 S. E., 274, 50 L. R. A., 279.

Adopting the view laid down by the West Virginia court, rather than the more radical, opposing views of the Tennessee and Kansas courts, we are of the opinion that a physician guilty of 25 violations of the Anti-Narcotic Law has thereby shown such a contempt of the opinion of the respectable members of the community, and such an indifference to the obligations that rest upon him in the exercise of the responsible duties of his exalted calling, that the minds of men can hardly differ upon the proposition that he has dishonored himself, degraded his profession, and been grossly immoral. If, therefore, the conviction in the federal court were not of itself such a felony as would warrant the revocation of the certificate in this case, the facts upon which that conviction was based would have been such gross immorality as to have required the revocation of the certificate.

*Judgment affirmed.*

SAYRE and MIDDLETON, JJ., concur.