LANE v. INDUST. COMM. et.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2929. Decided Jan. 24, 1927

631. INDUSTRIAL C O M M I S S I O N RULES—Requirements of rule that applications for rehearing and modifications of awards must be made in forms furnished by the Industrial Commission, is not jurisdictional, and same may be made in a manner that will raise the question necessary to a hearing of the case.

First Publication of this Opinion

HAMILTON, J.

The record in this case discloses that James Lane had been granted a temporary award by the Industrial Commission on account of injuries received on Aug. 4, 1922; that at different times up until June 17, 1924, applications for modification of the temporary award had been granted and temporary payments continued until this date; that on June 17, 1924 the commission denied further compensation for the alleged reason that the present condition of claimant was not the result of the injury of Aug. 4, 1922.

On July 10th, the Commission wrote to counsel for Lane in answer to his letter of July 2nd and stated that further consideration would be given the claim if Lane's disability could be traced to his original injury. On September 19th, forms were enclosed for reopening this claim. The Commission made a finding that the proof offered, supported by affidavits, does not change the conditions from those considered on June 14, 1924; and it was recommended that the application for modification be dismissed.

Lane appealed the case to the Hamilton Common Pleas and the court dismissed same on the ground that it was not filed in time. The trial court treated the proceeding as if upon a rehearing under rule 23 which requires an application for rehearing to be filed within 30 days after notice of final action by the Commission, and that the application was filed on Aug. 1, 1924 which was more than 30 days from receipt of the notice of the Commission of its action on June 17, 1924.

In the Court of Appeals, Lane contends that the procedure is under rule 22 providing for modification of awards; that an award having been granted, suspension of payment was a modification and the attempt to reinstate was a further modification of an award under rule 22, by which no time limit is provided; and that the final action of the commis-

sion was on Sept. 19, 1923, from which date the appeal was filed in less than 30 days. The Court of Appeals held:

1. In view of the filing of July 2nd and the Commission's letter of July 10th and subsequent filing of affidavits, the question resolves itself into this:—Is the requirement that an application for modification or rehearing must be made on forms furnished by the Commission, jurisdictional?

2. The effect of decisions that the compensation act be construed in favor of the claimant should operate with more force on the rules of procedure, promulgated by the Commission.

3. Affidavits were filed by Lane in compliance with the letter of July 10th and after several weeks consideration the claim was rejected. Had there been no reply to Lane's letter of July 2nd, the argument that the claim was closed unless the forms and procedure required by the rules were followed, would have been given greater weight. By the letter of July 10th, the Commission waived the rules and consented to reconsider the case.

4. The requirement of the rules that the applications be made on forms furnished is not jurisdictional and same may be made in a manner that will raise the question necessary to a hearing of the case.

5. Lane's letter of July 2nd, filed July 7th, being within 30 days from receipt of notice of discontinuance of payment, was sufficient to comply with the rule, and the final action thereon was Sept. 19, 1924, and the appeal was filed in time.

Judgment reversed and cause remanded.

(Buchwalter, PJ., and Cushing, J., concur.)

Attorneys—Richard C. Swing and Hunt, Bennett & Utter for Lane; Chas. S. Bell, and Sylvester C. Hickey for Commission; all of Cincinnati.