THE STATE, EX REL. CRABBE, ATTY. GENL., v. CASHMAN.

**24**

(Decided November 27, 1929.)

*Mr. Gilbert Bettman,* attorney general, *Mr. R. R. Zurmehly,* and *Mr. C. Luther Swaim,* prosecuting attorney, for plaintiff in error.

*Messrs. Smith, Rogers & Smith,* for defendant in error.

HAMILTON, J. The plaintiff in error here filed a petition in the court of common pleas of Clinton county, Ohio, for the collection of an award, made in favor of a claimant, James Morrow, against the defendant, John Cashman, a nonsubscriber to the state insurance fund, under favor of Section 1465-74 of the General Code.

The defendant, Cashman, interposed a demurrer to the petition, on the ground that the petition did not state facts sufficient to constitute a cause of action and that the application to the Industrial Commission of Ohio for compensation was not filed within the time limited for the filing of such application. The trial court upon consideration of the demurrer sustained the same, and the plaintiff not desiring to plead further, judgment was entered in favor of the defendant, at the costs of the plaintiff. From that judgment plaintiff prosecutes error to this court.

The questions, then, are: First, does the petition state a cause of action; and, second, does the petition show on its face that the application to the In-

dustrial Commission was not filed within the time limited for the filing of such an application?

It appears from the record that the court sustained the demurrer on the ground that the claim of James Morrow, filed with the Industrial Commission, was barred under the provision of Section 1465-72a, General Code. The determination of the bar of the statute will decide both questions raised on the demurrer.

All that is required to be set up in the petition under Section 1465-74, General Code, is that a copy of the record of the proceedings of the commission relative to such claim, certified to by the commission, be set forth, and that it be stated that there is due the plaintiff, on account of such finding and award by the commission, the sum which the plaintiff claims, with interest. A certified copy of such record of proceedings in such claim shall be attached to the petition and shall constitute *prima facie* evidence of the truth of the facts therein contained.

The fourth amended petition complies with this statute, and, unless the claim is barred by reason of the failure to file the application in the time provided by General Code, Section 1465-72a, the demurrer should have been overruled.

The record of the proceedings attached to the petition shows that James Morrow was injured on the 22d day of May, 1923, at 11:30 o'clock a. m.; that on the 15th day of May, 1925, he filed an application for payment of compensation under the Workmen's Compensation Law with the Industrial Commission of Ohio, Department of Claims.

The application was made out on the form furnished by the Industrial Commission of Ohio, giving

full details of the circumstances of employment and the injury, contained the certificate of the attending physician, and contained the certificate of the employer, John Cashman, the defendant in this case, who certified to the correctness of the statements in the application, and that the same were true.

Section 1465-72a reads as follows: *Claims Barred After Two Years.* "In all cases of injury or death, claims for compensation shall be forever barred, unless, within two years after the injury or death, application shall have been made to the industrial commission of Ohio or to the employer in the event such employer has elected to pay compensation direct."

The original application for compensation was made within two years from the date of the injury, and this is disclosed by the petition and the attached record.

It must have been considered by the trial court that the amended application, filed April, 1926, voided the application of May 15, 1925, or rendered it ineffective to support the award, and that the only application before the commission that could support the award was that designated an "amended application," which was filed some months after the two-year period from the date of the injury had elapsed.

The record discloses that on April 16, 1926, the Industrial Commission recommended and granted a motion to amend the original application, and bring the case under the provision of Section 27 of the Compensation Act (Section 1465-74, General Code). Then was filed what is designated an "amended application," on a form provided for claims where

the employer is not a subscriber to the state insurance fund. The claim that the original application was voided and of no effect was for the reason that the application contains the following: ''I hereby make application to the Industrial Commission of Ohio for the payment of money out of the State Insurance Fund for compensation for injuries sustained in the course of my employment;'' that Cashman was not a self-insurer, nor protected by state insurance; and that therefore this was not a proper filing within the statute. While it is true the original application form contained the above statements, and while it is true the commission has a separate blank for injuries where the employer is not a subscriber to the state insurance fund, this is not jurisdictional. That these forms are not jurisdictional was held in the case of *Lane* v. *Industrial Commission of Ohio,* 24 Ohio App., 196, 156 N. E., 508. In the course of the opinion in the *Lane case,* the court said, at page 200 of 24 Ohio App., 156 N. E., 510: ''All of the decisions are to the effect that the laws with reference to the administration of the workman's compensation fund should be liberally construed in favor of claimants. If this be true of the law, it should operate with even more force on the rules prescribed for procedure, promulgated by the Industrial Commission. In fact the rules themselves provide that certain rules may be relaxed if the failure to observe their provisions is occasioned by want of knowledge, and strict enforcement results in hardship and injustice.''

It will be noted that in the *Lane case* the claim for modification of award was based simply on the letter calling the commission's attention to the fact

that he had made such a claim and asked for a hearing. The court in the opinion further stated: "Moreover, we are constrained to hold that the requirement of the rules that the applications be made on forms furnished is not jurisdictional, and that the same may be made in a manner that will raise the question necessary to a hearing of the case. The contention of the commission is highly technical, and would defeat the liberal rule required in the administration of the law."

It was held in the case of *W. S. Tyler Co.* v. *Rebic*, 118 Ohio St., 522, 161 N. E., 790, that an oral demand on a self-insured employer is a sufficient demand for a claim for injuries. So that the rule is that no special form is required to give the commission jurisdiction to examine the case and afford the relief that the law and the facts justify under the Workmen's Compensation Law.

Rules of pleading in civil cases are not to be applied in claims under the Workmen's Compensation Law. What then is the force and effect of the original application filed in time?

Section 1465-74 provides that any employee whose employer has failed to comply with the provisions of Section 1465-69, General Code, who has been injured in the course of his employment, may, in lieu of proceeding against his employer by civil action in the courts, file his application with the commission for compensation, and the commission shall hear and determine such application, etc. Nowhere in this section is any form prescribed. The requirement is to file his claim. This he did on May 15, 1925, and upon that application the commission was required to determine his rights under the law. At no time

was this original application withdrawn from the consideration of the commission. Under the application, the commission had jurisdiction, unaffected by the so-called "amended application," to hear and determine claimant's rights under the workmen's compensation law—not limited to one section thereof, but his rights under all its provisions. The jurisdiction continued to a finality. Moreover, the statements in the original form may be said to apply to the claimant's rights, since Section 1465-74 requires the commission to set aside a fund from the surplus of the state insurance fund to pay awards made against nonsubscribing employers, when the award is uncollectable, and therefore, in the last analysis, the protection of claimant is the state insurance fund.

We therefore find that the application made on May 15, 1925, was within the two-year period provided by the statute; that the application was sufficient to give the commission jurisdiction to finally determine claimant's rights under the law; that that jurisdiction was continuing, and not affected by the amended application; and that the commission proceeded to find under the law the rights of the claimant, resulting in the award sued upon. The petition therefore states a good cause of action, and does not disclose the claim to be barred, and the action of the common pleas court in sustaining the demurrer on these grounds was error. It is suggested that to so hold would be to deprive Cashman of his day in court, since his liability would only be disclosed by the amended application. If there be merit in this claim, the answer is that Cashman can set up all the defense in this case by way of answer that he could

possibly raise before the commission; that the only defenses barred are the common law defenses, which he loses by operation of law, and of which he could not have availed himself before the commission.

The judgment is reversed, and the cause is remanded to the court of common pleas of Clinton county, with instructions to reinstate the petition, and for further proceedings according to law.

*Judgment reversed and cause remanded.*

CUSHING, P. J., and ROSS, J., concur.