# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2017
Lower Tribunal No. 22-11060-CA-01
_____

**Ferrari Financial Services, Inc.,**
Appellant,

vs.

**170 NE 40 Street, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Saul Ewing LLP, and Carmen Contreras-Martinez, and Alexandra Spaw, and Katherine S. Barrett Wiik (Minneapolis, MN), for appellant.

Roniel Rodriguez, IV, P.A., and Roniel Rodriguez, for appellees.

Before EMAS, MILLER, and LOBREE, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 56.15, Fla. Stat. (2024) ("If any execution issues illegally, the judgment debtor may obtain a stay by making and delivering an affidavit to the officer having the execution, stating the illegality and whether any part of the execution is due, with a bond with surety payable to the judgment creditor. . . . *[I]f [the execution] is adjudged legal in whole or in part, the court shall enter judgment against the principal and surety on such bond for the amount of so much of the execution as is adjudged to be legal and execution shall issue thereon*.") (emphasis added); § 56.16, Fla. Stat. ("If any person . . . other than the judgment debtor claims any property levied on, he or she may obtain possession of the property by filing with the officer having the execution an affidavit by the claimant . . . that the property claimed belongs to the claimant and by furnishing the officer a bond . . . *conditioned to deliver said property on demand of said officer if it is adjudged to be the property of the judgment debtor and to pay the judgment creditor all damages found against the claimant if it appears that the claim was interposed for the purpose of delay*.") (emphasis added).

2