PIKE, ET AL., APPELLANTS, v. PORTER, ET AL., RESPONDENTS.

No. 9115.

Submitted November 14, 1952.   Decided December 19, 1952.
Rehearing Denied March 13, 1953.

253 Pac. (2d) 1055.

Messrs. Castles & Luedke, Missoula, for appellants.
Messrs. Smith, Boone & Rimel, Missoula, for respondents.
Mr. Charles Luedke and Mr. Russell E. Smith argued orally.

MR. JUSTICE ANGSTMAN:

Plaintiffs since 1925 have been operating a store under the name of Superior Drug Store at Superior. They sell household drugs, confections, paints and miscellaneous merchandise, but do not fill prescriptions or conduct a pharmacy as that term is defined by law. They do not provide a registered pharmacist in the store. They applied to defendant board for a store license in July 1950 and tendered the required fee which was refused because they were using the word "drug" in the name of their business, contrary to R. C. M. 1947, sec. 66-1522. Thereafter plaintiffs sought a review of the action of the board in

the district court. The court found in favor of defendants and this appeal followed.

R. C. M. 1947, sec. 66-1522, provides: "It shall be unlawful for any person to carry on, conduct or transact a retail business under a name which contains as a part thereof, the word, 'drugs', 'drug store', 'pharmacy', 'medicine', 'apothecary', or 'chemist shop', or any abbreviations, translations, extension or variation thereof; or in any manner by advertisement circular or poster, sign or otherwise, describe or refer to the place of business conducted by such person by such term, abbreviations, translation, extension or variation unless the place so conducted is a pharmacy within the meaning of this act, and duly licensed as such and in charge of a registered pharmacist."

It is well settled that the legislature may in the exercise of ■ its police power impose reasonable restrictions on the sale of drugs and medicines. 28 C. J. S., Druggists, sec. 2b, p. 501. This authority in some jurisdictions extends also to patent or proprietary medicines as well as harmless household remedies. Id. Whether because of State v. Stephens, 102 Mont. 414, 59 Pac. (2d) 54, that rule obtains in this state in view of changes made in the statute since that case was decided, we need not determine here. The rule as stated in C. J. S., supra, is subject to the requirement that the legislature adopt "such measures as have a tendency to protect the lives, health, safety, and welfare of the public, and do not unjustly discriminate in favor of a certain class.

R. C. M. 1947, sec. 66-1508, expressly authorizes the board of pharmacy to license "stores other than a pharmacy wherein may be sold ordinary household or medicinal drugs prepared in sealed packages or bottles by a manufacturer, qualified under the laws of the state wherein such manufacturer resides. * * * nothing herein shall be construed to prevent any vendor from selling any patent or proprietary medicine in the original package when plainly labeled, nor such non medical articles as are usually sold by such vendors."

And R. C. M. 1947, sec. 66-1525, provides, "nothing in this

act shall prevent the sale of common household preparations and other drugs, provided stores selling same are licensed under the terms of this act.''

Hence it is clear that plaintiffs holding a license under the Act in question had the right to sell everything which they do sell even though the store is not in charge of a registered pharmacist.

Can they be deprived of the use of the name ''drug'' in advertising their business? We think not, because we believe the means employed by the legislature, viz., the attempt to prevent the use of the name ''drug'' in its advertising has no reasonable relation to the public health or safety but tends merely to create a monopoly in the sale of drugs.

It attempts to give to registered pharmacists the right to sell the drugs in question by the use of the word ''drug'' in advertising and excludes that right from every other person. It makes no requirement that the registered pharmacist who may use the name and sell the drugs make any analysis, inspection or examination of the drug to be passed on by him to the purchasing public.

This case is open to the same objection pointed out by the court in Noel v. People, 187 Ill. 587, 58 N. E. 616, 618, 52 L. R. A. 287, 79 Am. St. Rep. 238, where the court said: ''The vice of the present pharmacy act is that it gives to the registered pharmacists the exclusive privilege of selling these patent and proprietary medicines and remedies, and excludes all other persons from doing so, while at the same time it makes no requirement of such registered pharmacists that they make any analysis, inspection, or examination of the same. In this regard the act gives to registered pharmacists a monopoly of the business of selling patent medicines, without in any manner protecting the public health. The public health is not protected by limiting these sales to registered pharmacists, who make no examination of what they sell.'' This case was relied on by this court in State v. Stephens, 102 Mont. 414, 59 Pac. (2d) 54. Other cases of like import are cited and quoted from in the Stephens Case.

There is nothing in the statutes that requires those who are ██ authorized to use the name "drug'" in advertising household remedies to in anywise protect the public or to give advice that would tend to promote their safety, health, or welfare.

The provision excluding those who are not registered pharmacists from the use of the word "drug" in advertising household drugs bears no reasonable relationship to the protection of human life, health or safety but merely discriminates in favor of a certain class and is in consequence unconstitutional and invalid.

The judgment is reversed and the cause remanded with directions to enter judgment for plaintiffs.

MR. CHIEF JUSTICE ADAIR and ASSOCIATE JUSTICES FREEBOURN and METCALF: We concur.

MR. JUSTICE BOTTOMLY: I dissent.