Breitel, J.
The State Board of Pharmacy, Department of Education, and the Attorney-General, seek reversal of an Appellate Division • order in an action for a declaratory judgment upholding the right of plaintiff retailer to use the name “ Le Drugstore ” even though it is not licensed as.a pharmacy. They contend that the Education Law forbids an unlicensed business to be called a “ drug store ”, regardless of public disclaimer that the enterprise does not sell or dispense drugs.
Special Term granted plaintiff summary judgment declaring it could conduct its business under the name “ Le Drugstore ” so long as no drugs were sold and an exterior sign stated “ Not a Pharmacy ”. The court dismissed defendants’ motion for summary judgment on their counterclaim for declaratory relief. The Appellate Division, with two dissenters, affirmed and an appeal was taken as of right by defendants based on the dissent (CPLR 5601, subd. [a]). While the appeal was pending, plaintiff closed its. business and has moved to dismiss the appeal oh grounds of mootness.
The motion to dismiss the appeal for mootness should be denied and the order of the Appellate Division reversed. Upon reversal, summary judgment should be granted in favor of defendants declaring that plaintiff retailer may not conduct business under the name “ Le Drugstore ” without being licensed as a pharmacy.
The appeal should not be disposed of on grounds of mootness because a novel questión is presented that is likely to recur. On the merits, the Education Law expressly and unambiguously proscribes the use of the name “ drug store ” by other than a *301 licensed pharmacy. Whether an exception should be created for the “ Le Drugstore ” merchandising technique is properly a matter for the Legislature.
From October, 1970 until February, 1973, plaintiff, Le Drugstore Etats Unis, Inc., and several subtenants, operated a retail busines,;. under the name “ Le Drugstore ”. The business, modeled on a European merchandising technique, was a kin<l of “ mbn department store ” consisting of boutiques, a restaurant, and other shops. Apparently, “ Le Drugstore ” is the name applied to such businesses in Europe.
Conceá 'dly, neither plaintiff nor any of its subtenants sold drugs of any kind. Outside the store, prominently displayed^ was a disAaimer that the business was “ Not a Pharmacy “ Le Drugstore ” never obtained a license as a pharmacy. *.
Financial difficulties forced plaintiff to close “ Le Drugstore in February, 1973. One month later, plaintiff changed its corporate name from Le Drugstore Etats Unis, Inc. to Drop Kick, Inc. Apart from making a motion to dismiss, plaintiff has made no effort to oppose defendants’ appeal. Plaintiff did not appear Í on oral argument nor has it submitted a brief.
On its motion to dismiss, plaintiff contended that because it-had closed “ Le Drugstore ” the appeal was moot. Where a,, novel and important question of statutory construction is presented, which is likely to recur, termination of business by one. party to the controversy has been held not to render the appeal! moot (see, e.g., Matter of 330 Rest. Corp. v. State Liq. Auth,, 26 N Y 2d 375; see, generally, East Meadow Community Concerts Assn. v. Board of Educ. of Union Free School Dist. No. 3 18 N Y 2d 129,135; Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v. New York State Thruway Auth., 5 N Y 2d 420, 422, n. 1). Plaintiff, throughoíí this case, ha 3 urged that the “ Le Drugstore ” complex under that title is > merchandising technique found throughout the w-rid that is becoming increasingly popular. £¿*>reover, tile mire general question of whether, and unde^yhao circumstances,, an unlicensed retailer may use -tie name \ drug store ” is of consider able continuing public importance. For that reason she appeal should not be dismissed as moot.
On the merits, subdivision 6 of section 6811 of the Education Law (for Trior hr yyii Sept. 1,197.1, Education Law, § 6804, subd. *302 3 par. q; L. 1971, ch. 987) provides that it shall be a misdemeanor for: “ 6. Any person to carry on, conduct or transact business under a name which contains as a part thereof the words ‘ drugs ’, ‘ medicines ’, ‘ drug store ’, ‘ apothecary ’, or ‘ yharmacy ’, or similar terms or combination of terms, or in a'ny manner by advertisement, circular, poster, sign or otherivise describe or refer to the place of business conducted by .such person, or describe the type of service or class of products sold by such person, by the terms ‘ drugs ’, ‘ medicine ’, ‘ drug .store ‘ apothecary ’, or ‘ pharmacy ’, unless the place of business so conducted is a pharmacy licensed by the department ”. (On its face, the statute prohibits anyone from conducting a business establishment described as a “ drug store ” unless it hs a licensed pharmacy.
Both Special Term and the Appellate Division majority were 'persuaded that an exception should be implied in the statute, • despite its unequivocal language. Each concluded that there »was no danger of deceiving the public because no drugs were I sold and a large, exterior sign proclaimed that the store was ■ “ Not a Pharmacy ”. Each concluded that a “ literal ” application of "the Education Law to “ Le Drugstore ’ ’ would pro- . duce an undesirable result, not intended by the Legislature.
The literal language of a statute will not always be controlling where it contravenes the legislative intent or leads, to an unreasonable result (Matter of Astman v. Kelly, 2 N Y 2d 567, 572; McKinney’s Cons. Laws of N. Y., Book 1, Statutes., § 111). But, the literal apj¿b°tion of the Education Law/, to bar plaintiff from using tie namb “ Le Drugstore ”, would neither contravene public Policy nor, produce an unreasonable result.
The authority 0f the State to regulate the practice of phare tacy has loi^ been recog:nized (e.g., State Bd. of Pharmacy \ . Matthews 197 N. y. 353; ¿157; see Drugs — Pr ohibiting Advertising of P ices, Ann., 44 LB, 3d 1301, 1302,). Statutes prohibiting uEj cfL word ‘ diarmacy ” or. similar words by unlicensed establishments, ha, xAr ?n upheld as a valid exercise ./of the police power (see 28 Cx J. S., Lwdggists, § 3, at pp. 502-503).
It is argued that plaintiff has misled no one by the use of “ drug store ” in its name. It does not follow, however, that it is unreasonable and of no importance tha'l lhe prohibition *303 of the statute be applied. The words “ drug store ” signify a place where drugs are dispensed by trained licensed individuals. To debase; the significance of the term “ drug store ”, by implying exce otions in the statute, might create unwarranted confusion in the public, if not in one instance, at least if the use proliferated -see State v. Collins, 61 N. M. 184; Commonwealth v. Dimas, 70 Pa. Super. Ct. 5; but see Pike v. Porter, 126 Mont. 482; see, generally, 25 Am. Jur., 2d, Drugs, Narcotics, and Poisons, § 12, at p. 293). If that be true, it may not be said that application of the statute according to its terms is unreasonable or arbitrary, or is not within the legislative intent.
In implying an exception in the statute, the Appellate Division relied on People v. Bernstein (237 App. Div. 270). There, under a predecessor to section 6811 of the Education Law, it was held that an unlicensed store, selling proprietary medicines, could properly advertise the medicines as “ patent medicines ”. This was so despite statutory language prohibiting use of the term “ medicine ” by an unlicensed enterprise. It was there reasoned that ‘ ‘ patent medicine ’ ’ had a vastly different meaning to the public than “ medicine ”. Moreover, the court emphasized that patent or propriety medicines had been expressly excluded from regulation under the Education. Law (237 App. Div., at p. 273). This part of the holding in the Bernstein case classifies as one of many refusing to apply pharmacy regulation to the sale of patent medicines by unlicensed retailers who do not purport to be druggists (see Drugs — Sale by Nonpharmacists, Ann., 98 ALR 2d 1063,1067). On the other hand, the court in the Bernstein case1 affirmed the conviction of defendant on the ground that he w^s not allowed to advertise “ drug sundries ”, although it was' lawful for him to sell the commodities in question because t?fa.e statute properly forbade the use of the word ‘ ‘ drug ’5 except by licensed persons.
Consequently, it is concluded feat plaintiff had to right to use the name “ drug store ” eve4 though no drugs were sold and the conduct of a pharmacy was expressly ani. publicly disclaimed. J
Accordingly, the motion to dfe-miss the appeal for moofeetes should-Ve -5ti,uied.:,feie order of the Appellate Division reversed, /"without costs; and summary judgment should be granted in favor of defendants declaring that plaintiff retailer may not *304 conduct business under the name “ Le Drugstore ” without being licensed as a pharmacy.
Chief Judge Fuld and Judges Burke, ¿'asen, Gabbielli, Jones and Wachtler concur.
Order reversed, etc.
Motion to dismiss appeal denied.