46 N.Y.2d 1061 (1979)
In the Matter of Baumann & Sons Buses, Inc., et al., Respondents,
v.
Board of Education, Northport-East Northport Union Free School District, Appellant, and Starlite Bus Company, Inc., Intervenor-Respondent.
Court of Appeals of the State of New York.
Argued February 7, 1979.
Decided April 5, 1979.
Bernard C. Smith for appellant.
Frederic Block and Joel Markowitz for respondents.
Chief Judge COOKE and Judges GABRIELLI, JONES, WACHTLER and FUCHSBERG concur in memorandum; Judge JASEN dissents and votes to affirm in a separate opinion.
*1063 MEMORANDUM.
The judgment of Supreme Court appealed from and the order of the Appellate Division thereby brought up for review should be reversed, with costs, and the earlier judgment of Supreme Court dismissing the petition reinstated.
Although we are informed that the particular controversy between the parties has now been resolved, we do not dismiss the appeal on grounds of mootness. The issue of statutory construction is one of first instance and of public importance affecting boards of education and trustees of school districts generally and thus likely to recur (Le Drugstore Etats Unis v New York State Bd. of Pharmacy, 33 N.Y.2d 298, 301; Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth., 5 N.Y.2d 420, 422, n 1).
We reverse the disposition at the Appellate Division and reinstate the dismissal of the petition for the reasons stated in the dissenting opinion of Mr. Justice JOSEPH A. SUOZZI at the Appellate Division.
The Legislature has vested responsibility and discretion in boards of education and district trustees to choose whether to provide transportation services by extension of existing contracts or to let bids anew. Of course, should a board of education, after competitive bidding, elect to reject all bids and extend the existing transportation contract it may do so (Matter of White Carriage Corp., 16 Ed Dept Rep 354). The issue here is the obverse; may the courts compel the board to reject all bids and to continue with the existing carrier when that carrier later offers to cut its bid price? Whatever might be the apparent short-term economy of mandating acceptance of the lowest cost contract in a single instance, it would be destructive of the competitive bidding process to permit an existing carrier, after having been underbid, then to circumvent the bidding process by unilaterally insisting on extension of its existing contract, even though at a below-bid figure. So to shackle the board or trustee would be to clothe the existing carrier with power to manipulate and thus prospectively to frustrate competitive bidding.
*1064 JASEN, J. (dissenting).
After having been awarded a transportation contract for the 1976-1977 school year on the basis of competitive bidding, respondent Bauman & Sons Buses, Inc., sought to extend its contract for the 1977-1978 school year. Rather than accepting this offer, appellant board of education solicited competitive bids for the contract. Although respondent was invited to, and did, participate in the bidding, appellant Starlite Bus Company, Inc., submitted the lowest bid. On the basis of that bid, the school board awarded the contract to Starlite, notwithstanding the continued offer by Baumann to extend its 1976-1977 contract at an alleged savings of approximately $45,000 over the bid submitted by Starlite.
Under these circumstances, the majority holds that the board of education did not abuse its discretion in awarding the transportation contract to Starlite. I cannot agree and, therefore, dissent.
While it is true that a board of education has discretion to extend an existing transportation contract or solicit competitive bids (Education Law, § 305, subd 14), that discretion is not unbridled: it is intended to ensure that transportation contracts are awarded in the best interests of the school district. To this end, a board of education may, after receiving competitive bids, reject them all and negotiate an extension of an existing contract. (Matter of White Carriage Corp., 16 Ed Dept Rep 354.) Concerning the effect which rejection of competitive bids and renegotiation of existing contracts might work upon the competitive bidding process, the Commissioner of Education, charged with administration of the Education Law (see Matter of Howard v Wyman, 28 N.Y.2d 434, 438), stated: "Although it is no doubt unpleasant from the point of view of the low bidder when a district negotiates the extension of an existing contract after soliciting bids on a new contract, both the bidding requirement and the authority to extend contracts are meant to enable a district to obtain the necessary transportation at the best price available, and they appear to have had that effect in this instance." (Matter of White Carriage Corp., 16 Ed Dept Rep, at p 355.) Quite correctly, in my view, the commissioner has, in interpreting the Education Law, placed the best interests of the school district above the parochial interests of competing service contractors. (Cf. Orelli v Ambro, 41 N.Y.2d 952; Matter of Ross v Wilson, 308 N.Y. 605.)
In the current fiscal crisis gripping our municipalities and *1065 school districts (see Flushing Nat. Bank v Municipal Assistance Corp. for the City of N. Y., 40 N.Y.2d 731; Bethlehem Steel Corp. v Board of Educ., 44 N.Y.2d 831, app dsmd sub nom. Rochester v Waldert, 47 USLW 3301 [US Oct. 31, 1978] [No. 78-386]), can it logically be said that the board of education did not in the instant case abuse its discretion by ignoring a claimed savings of approximately $45,000 for the very same transportation services desired? Certainly, if the board were concerned with the safety or reliability of the services offered by a contractor, a determination to award the transportation contract to another contractor at an increased cost would lie in the discretion of the board. However, in the present case, there is no indication of any such concern. Not only was the board familiar with Baumann's services from the 1976-1977 school year, but, moreover, it could have found little fault with those services inasmuch as it subsequently awarded Baumann the transportation contract for the 1978-1979 school year. I cannot but conclude under these circumstances that the board abused its discretion.
Accordingly, I would affirm the order of the Appellate Division.
Judgment appealed from and the order of the Appellate Division brought up for review reversed, etc.