(657 P.2d 83)
No. 54,009

THE KANSAS STATE BOARD OF PHARMACY, *Appellee*, v. LARRY K. WILSON, d/b/a NATURE'S FARMACY, *Appellant*.

Opinion filed January 27, 1983.

*James S. Phillips, Jr.,* of Phillips & Phillips, Chartered, of Wichita, for the appellant.

*Robert E. Davis,* of Davis, Davis, McGuire & Thompson, Chartered, of Leavenworth, for the appellee.

Before ABBOTT, P.J., STEVEN P. FLOOD, District Judge, assigned, and JOHN W. BROOKENS, District Judge Retired, assigned.

FLOOD, J.: This is an action by the Kansas State Board of Pharmacy, plaintiff/appellee, for declaratory relief and to enjoin the defendant/appellant, Larry K. Wilson, from using the name "Farmacy" in his currently operated business. The trial court found for the plaintiff and the defendant appeals, claiming that the Kansas Pharmacy Act, K.S.A. 65-1625 *et seq.,* properly interpreted, does not apply to his business, and that his rights to due process and equal protection of the law are violated by the injunction.

Defendant Larry K. Wilson operates a health food store in Wichita under the name of "Nature's Farmacy." He has obtained from the State of Kansas a service mark and trademark consisting of the words "Nature's Farmacy." His business sells health foods and vitamins but does not sell prescription or nonprescription drugs. Dr. Larry Wilson describes himself as a naturopathic physician. His letterheads state his business as the sale of natural foods and medicinal products and contains a mortar and pestle

symbol. His advertisements state that vitamins, natural health aids, cook books, diet books, etc., are available.

In 1977, defendant Wilson applied to the State Board of Pharmacy for a retail dealer's permit and, following an administrative hearing on September 28, 1978, the Board rejected his application. The Board found that the word "Farmacy" was a word of similar import to pharmacy under K.S.A. 1982 Supp. 65-1626(*s*), and Wilson was therefore in violation of K.S.A. 1982 Supp. 65-1643(*a*). The Board's decision was appealed to the Sedgwick County District Court which upheld the Board's action. Defendant continued to operate his business using the name "Nature's Farmacy" and this action followed.

K.S.A. 1982 Supp. 65-1643(*a*) makes it unlawful to operate a pharmacy in this state without obtaining a registration from the Board of Pharmacy. K.S.A. 65-1647 permits the Board to seek injunctive relief for violations of the Pharmacy Act. The Board's position is that the use of the term "Farmacy" brings the defendant within the definition of a pharmacy in K.S.A. 1982 Supp. 65-1626(*s*), and therefore he must be licensed as such. Interrelated to this controversy is a statute which is part of the Food, Drugs and Cosmetics Act, K.S.A. 65-636. This statute makes it unlawful for any person who is not a registered pharmacist or does not have a registered pharmacist in his employ to use the title:

" '[D]rugstore,' 'pharmacy' or 'apothecary' . . . or any title or description of like import, or any other term designed to take the place of such title."

The definition of pharmacy found in the Kansas Pharmacy Act is contained in K.S.A. 1982 Supp. 65-1626(*s*) and in pertinent part provides:

" 'Pharmacy,' 'drug store' or 'apothecary' means premises, laboratory, area or other place (1) where drugs are offered for sale where the profession of pharmacy is practiced and where prescriptions are compounded and dispensed; or (2) which has displayed upon it or within it the words 'pharmacist,' 'pharmaceutical chemist,' 'pharmacy,' 'apothecary,' 'drugstore,' 'druggist,' 'drugs,' 'drug sundries,' or any of these words or combinations of these words or words of similar import either in English or any sign containing any of these words; or (3) where the characteristic symbols of pharmacy or the characteristic prescription sign 'Rx' may be exhibited."

The American Heritage Dictionary of the English Language defines "import" as "2. To mean; signify . . . 3. To imply." American Heritage Dictionary of the English Language 660 (7th ed. 1971). Thus, if the word "Farmacy" means, signifies or

implies the same as "pharmacy" the defendant is a pharmacy under the act. Although the defendant contends that his word "Farmacy" derives from the word "farm" and connotes agricultural products, it is phonetically indistinguishable from "pharmacy." One hearing a radio commercial for defendant's business would assume he sold prescription drugs. Moreover, the defendant's letterheads use the mortar and pestle symbol, a "characteristic symbol" of a pharmacist. The trial court did not err in holding as a matter of law that "Farmacy" is a word of similar import to "pharmacy" under this statute.

Defendant next contends that the Pharmacy Act is only concerned with regulating the sale of drugs and medicines and should be so interpreted. When a statute is plain and unambiguous the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. *Randall v. Seemann,* 228 Kan. 395, Syl. ¶ 1, 613 P.2d 1376 (1980). If the legislature had intended in the Pharmacy Act only to control the sale of drugs and not to control people who hold themselves out to the public as druggists but are not, K.S.A. 1982 Supp. 65-1626(*s*) would only have contained subsection (1), and subsections (2) and (3) would have been deleted. K.S.A. 65-636, while not part of the Pharmacy Act, is a specific pronouncement of legislative intent to regulate deception in this area.

The defendant, by his use of a deceptive name, is required to be registered as a pharmacy in Kansas or be in violation of K.S.A. 1982 Supp. 65-1643(*a*). Since he is not so registered and continues to mislead the public, the Board may properly seek injunctive relief under K.S.A. 65-1647. Since the same conduct so obviously violates K.S.A. 65-636, injunctive relief may be obtained under that section also. Injunctive relief is equitable in nature, and an appellate court will not interfere, absent a manifest abuse of discretion. *South Shore Homes Ass'n v. Holland Holiday's,* 219 Kan. 744, 751, 549 P.2d 1035 (1976).

Finally, the defendant contends that if the Pharmacy Act can be construed to prohibit the use of his trade name, it violates his constitutional right to due process and equal protection of the law. Defendant cites *Liggett Co. v. Baldridge,* 278 U.S. 105, 73 L.Ed. 204, 49 S.Ct. 57 (1928), and *Burns Baking Co. v. Bryan,* 264 U.S. 504, 68 L.Ed. 813, 44 S.Ct. 412 (1924), in support of his argument that the state has no right under its police powers to

regulate his business so as to deprive him of his property without due process of law. *Liggett Co.* struck down as unconstitutional a Pennsylvania statute requiring stock in pharmacies to be owned by licensed pharmacists. It was overruled in *North Dakota Pharmacy Bd. v. Snyder's Stores,* 414 U.S. 156, 38 L.Ed.2d 379, 94 S.Ct. 407 (1973), which upheld a similar statute. *Liggett* and *Burns* were decided in an era in which the Supreme Court used substantive due process to strike down state regulation of business which it deemed unwise. The Supreme Court now applies a rational basis test in examining such regulations. *Williamson v. Lee Optical Co.,* 348 U.S. 483, 99 L.Ed. 563, 75 S.Ct. 461 (1955). (Oklahoma statute prohibiting optician from fitting lenses without a prescription upheld.)

The practice of pharmacy is subject to the state's police power. 28 C.J.S., Drugs & Narcotics Supplement § 27. The enactment of statutes for the prevention of fraud and deceit is also within the police power of the state. *State, ex rel., v. Anderson,* 195 Kan. 649, Syl. ¶ 6, 408 P.2d 864 (1965). In *Winslow v. Board of Dental Examiners,* 115 Kan. 450, 223 Pac. 308 (1924), the court upheld the revocation of a dentist's license because he practiced under a corporate name. The court said:

"Dentistry is a profession having to do with public health, and so is subject to regulation by the state. The purpose of regulation is to protect the public from ignorance, unskillfulness, unscrupulousness, deception and fraud." pp. 451-52.

It is clearly within the police power of this state to regulate pharmacies and drugs, and in so doing to see that the public is protected from deception.

The defendant relies heavily on *Pike v. Porter,* 126 Mont. 482, 253 P.2d 1055 (1952). The Montana Court found unconstitutional its statute which prohibited the use of the word "drug" in business advertising unless the business was under the control of a licensed pharmacist. Montana felt this tended to create a monopoly in the sale of drugs. The Kansas Pharmacy Act specifically allows the sale of nonprescription drugs by the holder of a retail dealer's permit, K.S.A. 1982 Supp. 65-1643(*f*), and does not tend to create any monopoly. The *Pike* analysis is rejected by New Mexico, *State v. Collins,* 61 N.M. 184, 297 P.2d 325 (1956), and New York, *Le Drugstore v. N Y S Bd. of Pharmacy,* 33 N.Y.2d 298, 352 N.Y.S.2d 188, 307 N.E.2d 249 (1973). In *Le Drugstore,* a "mini-department store" was denied the right to

have the word "drug" in its business name despite a specific disclaimer in its advertising. The New York statute prohibiting the use of the word "drug store" by any business other than a licensed pharmacy was held constitutional. The New York Court said:

"It is argued that plaintiff has misled no one by the use of "drug store" in its name. It does not follow, however, that it is unreasonable and of no importance that the prohibition of the statute be applied. The words "drug store" signify a place where drugs are dispensed by trained licensed individuals. To debase the significance of the term "drug store", by implying exceptions in the statute, might create unwarranted confusion in the public, if not in one instance, at least if the use proliferated [citations omitted]. If that be true, it may not be said that application of the statute according to its terms is unreasonable or arbitrary, or is not within the legislative intent." pp. 302-03.

Pharmacists are highly skilled professionals, tested, licensed and regulated by the state for protection of the public. The public expects that pharmacies, or drug stores, will be staffed or controlled by such professional persons. To permit the defendant, by his trade name and his advertising, to confuse or mislead the public into believing his health food store enjoys the same professional reputation as does a pharmacy has great potential for public mischief and is properly subject to the state police power.

The judgment of the trial court enjoining the defendant's continued use of the name "Farmacy" is affirmed.