Tom C. Hitchcock Executive Secretary Kansas State Board of Pharmacy Landon State Office Bldg., Room 513 Topeka, Kansas 66612
Dear Mr. Hitchcock:
You request our opinion as to whether a "practitioner" licensed by the board of healing arts may delegate the function of preparation, compounding and dispensing of "prescription-only drugs" to a nurse or other personnel employed by the practitioner, and if delegation is not allowed, who has a jurisdiction to sanction a nurse and/or a physician for improper delegation.
As you are aware, we issued opinions on this subject in 1980 and 1981, stating that neither the pharmacy act nor the healing arts act permits a physician to delegate the authority to dispense prescription-only drugs to his or her patients. Attorney General Opinions No. 80-208, 81-182.
K.S.A. 65-1631 in pertinent part provides:
 "It shall be unlawful for any person to practice as a pharmacist in this state unless such person is licensed by the board as a pharmacist."
However, certain persons are authorized to perform certain tasks involving drugs under the pharmacy act in the absence of a pharmacy license. K.S.A. 65-1635 provides:
 "(a) Nothing contained in the pharmacy act of the state of Kansas shall prohibit any duly licensed practitioner from purchasing and keeping drugs, from compounding prescriptions or from administering, supplying or dispensing to such practitioner's patients such drugs as may be fit, proper and necessary. Except as provided in subsection (b) or (c), such drugs shall be dispensed by such practitioner and shall comply with the Kansas food, drug and cosmetic act and be subject to inspection as provided by law.
 "(b) Nothing contained in the pharmacy act of the state of Kansas shall be construed to prohibit any nurse or other person, acting under the direction of a duly licensed practitioner, from administering drugs to a patient.
 "(c) Nothing contained in the pharmacy act of the state of Kansas shall be construed to prohibit any registered nurse, acting under the supervision of a person who is licensed to practice medicine and surgery as of July 1, 1982, from dispensing drugs to patients of such person so long as the principal office of such person is, and as of July 1, 1982, was, located in a city not having a registered pharmacy within its boundaries. For the purposes of this subsection (c), `supervision' means guidance and direction of the dispensing of drugs by the person licensed to practice medicine and surgery who shall be physically present in the general location at which the drugs are being dispensed."
The above statute makes narrow exceptions to the general prohibition of the practice of pharmacy without a license. "Practitioner" is defined as:
 "a person licensed to practice medicine and surgery, dentist, podiatrist, veterinarian, optometrist licensed under the optometry law as a therapeutic licensee or diagnostic and therapeutic licensee, or scientific investigator or other person authorized by law to use a prescription-only drug in teaching or chemical analysis or to conduct research with respect to a prescription-only drug." K.S.A. 65-1626(t).
Nurses and other persons may administer drugs to a patient. "Administering" is defined as:
 "the direct application of a drug, whether by injection, inhalation, ingestion or any other means, to the body of a patient or research subject by:
 "(1) A practitioner or pursuant to the lawful direction of a practitioner, or
 "(2) the patient or research subject at the direction and in the presence of the practitioner." K.S.A. 65-1626(a).
Registered nurses may dispense drugs to patients when acting under the supervision of a person who is licensed to practice medicine and surgery, and the principal office of such person is located in a city not having a registered pharmacy within its boundaries. The pharmacy act does not authorize nurses or other persons to dispense drugs to patients on their own discretion.
The healing arts act does not allow physicians and surgeons to delegate their authority to dispense drugs to nurses and other persons. K.S.A.65-2872 in part provides:
 "The practice of the healing arts shall not be construed to include the following persons:
. . . .
 "Persons whose professional services are performed under the supervision or by order of or referral from a practitioner who is licensed under this act."
This statute allows persons whose professional services are performed under the supervision of physicians or surgeons to perform certain acts, which would otherwise be considered as the practice of the healing arts. However, this provision does not authorize any person to practice as a pharmacist without being licensed under the pharmacy act. Therefore, K.S.A. 65-1631 is still applicable to nurses and other persons.
Furthermore, physicians' assistants and advanced registered nurse practitioners may not originate a prescription order, as they are not practitioners within the meaning of the pharmacy act. However, these health care providers may transmit a prescription order pursuant to written protocols. K.S.A. 65-1130; K.S.A. 65-2896e. K.A.R. 60-11-104a. We discussed powers and authority of physicians' assistants and advance registered nurse practitioners under these statutes in Attorney General Opinion No. 89-116.
We reaffirm the conclusions reached in Attorney General Opinions No. 80-208 and 81-182, that a practitioner licensed by the board of healing arts may not delegate the authority to dispense drugs to nurses or other personnel employed by the practitioner.
Additionally you ask who has jurisdiction to sanction a practitioner or a nurse or other personnel who violates provisions of the pharmacy act. The pharmacy board may revoke, suspend, place in a probationary status or deny a renewal of any license of any pharmacist upon a finding of various grounds listed in K.S.A. 65-1627. Further, K.S.A. 65-1646 in part provides:
 "Any person violating any of the provisions of this act or any valid rule and regulation made under the authority conferred by this act shall be guilty of a misdemeanor. Upon conviction, any person holding a registration or permit under the provisions of K.S.A. 65-1643 and amendments thereto may have such registration or permit revoked or suspended."
K.S.A. 65-1647 states:
 "The board may in its discretion, in addition to the remedies set forth in the preceding section, apply to the court having jurisdiction over the parties and subject matter for a writ of injunction to restrain repetitious violations of the provisions of the pharmacy act of the state of Kansas or violations of any valid rule and regulation made under the authority conferred by such act."
In Kansas State Board of Pharmacy v. Wilson, 8 Kan. App. 2d 359
(1983), the board of pharmacy brought an action for declaratory relief and to enjoin the defendant from using the name "Farmacy" in his business. Regarding the powers of the board, the court of appeals stated:
 "The defendant, by his use of a deceptive name, is required to be registered as a pharmacy in Kansas or be in violation of K.S.A. 1982 Supp. 65-1643(a). Since he is not so registered and continues to mislead the public, the Board may properly seek injunctive relief under K.S.A. 65-1647. Since the same conduct so obviously violates K.S.A. 65-636, injunctive relief may be obtained under that section also. Injunctive relief is equitable in nature, and an appellate court will not interfere, absent a manifest abuse of discretion." Wilson, 8 Kan. App. 2d at 361.
In our opinion, the board of pharmacy has the power to apply for injunctive relief to the court of proper jurisdiction against individuals who dispense drugs in violation of the provisions of the pharmacy act, even though they are not licensees, registrants or permit-holders, under K.S.A. 65-1647.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas