Mario Pittoni, J.
In this mandamus type proceeding, pursuant to Civil Practice Law and Rules, article 78, the petitioners pray for a judgment (erroneously denominated an order) directing the respondent Board of Elections of the County of Nassau to omit from the general ballot to be submitted to the electors of the City of Glen Cove on November 7,1967 a proposition known as “ Local Law No. 4-1967 ”, on the ground that the proposed local law is unconstitutional and violates both section 2 (subd. [c], par. [ii], cl. [1]) of article IX of the New York State Constitution and section 10 (subd. 1, pars, [i], [ii], cl. a, subcl. [1]) of the Municipal Home Rule Law.
On ox about May 25, 1967 the Common Council of the City of Glen Cove approved Local Law No. 4-1967, amending section 2-1 of article II of the Glen Cove Charter, to change from two to four years the term of office of certain specified officials. In accordance with section 23 (subd. 2, par. e) ■ of the Municipal Home Rule Law, such local law is subject to a mandatory referendum before it becomes effective.
Section 2 (subd. [c], par. [ii], cl. [1]) of article IX of the State Constitution (eff. Jan. 1, 1964) provides in part that local governments shall have the power to amend laws not inconsistent with the provision of the Constitution or any general law relating to “ (1) The powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees, except that cities and toions shall not have such potoer with respect to members of the legislative body of the county in their capacities as county officers ” (emphasis supplied). Section 10 (subd. 1, par. [ii], cl. a, subcl. [1], first sentence) of the Municipal Home Rule Law contains language identical with that in section 2 (subd. [c], par. [ii], cl. [1]) of article IX of the' Constitution.
The petitioners contend that as the Mayor of the City of Glen Cove is also a Supervisor (Glen Cove Charter, tit. Ill, § 20) and as such, a member of the Board of Supervisors of the County *117 of Nassau (County Law, § 150; Nassau County Government Law, § 104) a law increasing the term of a Mayo'r-Supervisor may not be adopted as a local law. That contention is supported by an Opinion No. 8267 issued by the State Comptroller in 1956 (12 Op. St. Comp., 1956, p. 332).
The respondent City of Glen Cove, in an affidavit of its attorney, contends that many of the issues of this proceeding were previously determined by Mr. Justice Velsor in a proceeding determined at Special Term in Nassau County on October 2, 1967. Examination of the papers submitted in the proceeding before Justice Velsor reveals that the petitioners were not parties to that proceeding and that the decision (and judgment thereafter granted) was rendered in favor of the petitioner City of Glen Cove solely on the ground that the respondent Board of Elections had no right to reject a proposition — it being merely a body with ministerial and no judicial powers.
This proceeding has, as petitioners, citizens and electors. In Matter of McCabe v. Voorhis (243 N. Y. 401) it was held that citizens and electors may maintain a mandamus proceeding to bar the submission to the electors of a defective local law. The McCabe decision (supra) also disposes of the additional contention of the respondent City of Glen Cove — that until the voters approve Local Law No. 4 on November 7,1967 there is no need for an adjudication — for the same objection was raised in McCabe, but the court held that where some useful purpose will be served the court will exercise its power to determine a question. Here, according to the uncontradicted allegations contained in paragraphs 12,13 and 14 of the petition, the names of candidates for offices having a two-year term are to be included on the ballot at the same time as Local Law No. 4 extending the term to four years for the same offices. Certainly the voters may be confused as to the length of term being approved. Under such circumstances the petitioners should not be compelled to await an approval of Local Law No. 4 on November 7th before attacking its validity.
The respondent City of Glen Cove cites Matter of Knob v. Cheshire (246 N. Y. 533); People ex rel Clancy v. Bd. of Supervisors, Westchester County (139 N. Y. 524), and a few other irrelevant authorities in support of its contention that the proposed law is valid. None of those authorities involved the provisions of the Constitution or of the Municipal Home Rule Law with which we are concerned. Both at Special Term and in the Appellate Division (221 App. Div. 816) in the Knob case (supra) reliance is placed on People ex rel. Clancy v. Bd. of Supervisors, *118 Westchester County (supra). The Clancy decision held'that when the Legislature amended the Charter of the City of Yonkers in 1892 to allow a Supervisor for each ward of the city it was not enacting a local law in violation of section 18 of article III of the Constitution (now art. Ill, § 17) which prohibited (in part) local bills providing for the election of members of the Board of Supervisors. The Knot case is authority for the proposition that when the Legislature granted a charter for the City of Long Beach it could and did provide a term of office for Supervisor different from the general law. As the late Justice Selah B. Strong wrote at Special Term, “ What the legislature enacts by general law is within its power to repeal or limit action by subsequent special law, or law of local application. ’ ’
The Charter of the City of Glen Cove provides for a two-year term for the Mayor-Supervisor. Section 2 of the General City Law provides for a two-year term for Supervisor. Certainly the proposed Local Law No. 4 extends the term of the Supervisor to four years and clearly, therefore, as such law violates the general law and the State Constitution, it is unconstitutional.
Accordingly, judgment is granted in favor of the petitioners directing the respondent Board of Elections to omit from the ballot proposed Local Law No. 4. The court cannot determine that the Common. Council would have approved a submission of Local Law No. 4 with only the office of Mayor-Supervisor omitted. Therefore, although there appears to be no violation of the Constitution or of the Municipal Home Buie Law as to an extension by local law of the term of office of the other officers specified, a submission of the proposition in amended form is not authorized.