■ In the Matter of LEE POKOIK, Appellant, v DEPARTMENT OF HEALTH SERVICES et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondents to comply with Public Health Law § 1340 (2) (a), the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Goldstein, J.), entered July 7, 1987, which, upon searching the record, granted summary judgment in favor of the respondents pursuant to CPLR 3212 (b), and dismissed the petition.

Ordered that the order and judgment is reversed, on the law, the petitioner's motion for summary judgment is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings.

The court erred in granting summary judgment to the respondents pursuant to CPLR 3212 (b). The court's determination was premised on its view that Public Health Law § 1340 does not apply to municipalities. That enactment provides, *inter alia,* that the owners of any bathing establishment must provide adequate toilet facilities *(see,* Public Health Law § 1340 [2] [a]). The statute contains no exemption for municipalities. The mere fact that this statute is derived from a former statute (Public Health Law former § 312; L 1909, ch 49, as amended by L 1942, ch 456), which did contain such an exemption, is not sufficient evidence to warrant a conclusion that the Legislature intended the exemption to carry over into the new law. The courts may depart from the literal meaning of a statute only when to do so will clearly serve to accomplish the Legislature's intent *(see, Finger Lakes Racing Assn. v*

*New York State Racing & Wagering Bd.,* 45 NY2d 471; *Le Drugstore Etats Unis v New York State Bd. of Pharmacy,* 33 NY2d 298, 302; *Matter of Love Canal,* 92 AD2d 416, 422; McKinney's Cons Laws of NY, Book 1, Statutes § 111). We cannot conclude that the Legislature's intent is so clear in the present case so as to permit us to construe the scope of Public Health Law § 1340 (2) (a) in contravention of its plain terms.

We also disagree with the respondents' contention that the Village of Ocean Beach does not operate a "bathing establishment". The relevant regulations define the term "bathing beach" so as to include oceanfront beaches where the owners impliedly allow swimmers to bathe *(see,* 10 NYCRR 6.1 [d]). The regulations further require that sanitary toilet facilities be made "conveniently accessible" at bathing beaches (10 NYCRR 6.15 [a]). The term "bathing establishment", as it is used in Public Health Law § 1340, should be construed so as to conform to the definitions set forth in the Sanitary Code (10 NYCRR 6.1 *et seq.)*

Finally, we conclude that summary judgment in favor of the petitioner is also unwarranted. The record contains evidence that most, or perhaps all, of the beach located in the Village of Ocean Beach is included within the "Dune District" defined in the Federal regulations (36 CFR 28.3 [c]) which have been promulgated in connection with Federal laws relating to the Fire Island National Seashore (16 USC § 459e). These regulations essentially prohibit any form of construction within a "dune district" (36 CFR 28.4 [b] [2]). Thus, the force of Public Health Law § 1340 (2) (a) and 10 NYCRR 6.15 has been at least in part, if not entirely, preempted by Federal law. An issue of fact remains as to whether a toilet facility which is "conveniently accessible" to ocean bathers *(see,* 10 NYCRR 6.15 [a]) may be constructed on village property at a location outside of the Federal dune district.

In view of the existence of this triable issue of fact, we remit the matter for further proceedings. Mangano, J. P., Bracken, Spatt and Harwood, JJ., concur.