■ In the Matter of WILLIAM S. GRZYB, JR., Appellant, v THOMAS A. CONSTANTINE, as Superintendent of the New York State Police, et al., Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Best, J.), entered November 19, 1990 in Montgomery County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to state a cause of action.

Petitioner, an employee of the State Department of Transportation (hereinafter DOT), was an unsuccessful candidate for the positions of Amsterdam Town Supervisor in 1985 and Amsterdam Town Justice in 1988. In this proceeding, petitioner alleges that in each election his candidacy was interfered with by certain DOT personnel. In 1986, he requested that the Montgomery County District Attorney investigate what petitioner believed were possible violations of the Election Law. DOT advised petitioner to publicly withdraw from the 1988 election and petitioner commenced an unsuccessful

proceeding in Supreme Court to have his name removed from the ballot. Petitioner thereafter requested that the State Police and the State Board of Elections (hereinafter Board) investigate some of the same DOT personnel who had allegedly interfered with his 1985 candidacy. Both the State Police and the Board assigned investigators to explore petitioner's allegations.

In a 1990 letter to respondents, the District Attorney concluded that the investigation did not reveal sufficient evidence to warrant any criminal prosecution. He requested that respondents interview certain named witnesses if they continued their investigation. Respondents, however, claiming that they had spent an "inordinate amount of time" thoroughly investigating petitioner's allegations, decided to terminate their investigation. Thereafter, petitioner commenced this proceeding pursuant to CPLR article 78 in the nature of mandamus to compel respondents to continue their investigation. Supreme Court granted respondents' motion to dismiss for failure to state a cause of action. Petitioner now appeals.

Initially, there is no merit to petitioner's contention that the Attorney-General should be disqualified from representing respondents. Petitioner alleges a conflict based upon the Attorney-General's representation of DOT in the 1988 proceeding brought by petitioner to have his name removed from the ballot. The Attorney-General has apparently never represented petitioner (cf., Cardinale v Golinello, 43 NY2d 288). Even if it lay with petitioner to object to an alleged conflict of interest that is objected to by neither DOT nor respondents, Supreme Court properly found that there is no conflict here that can affect the Attorney-General's statutory duty of representation (see, Executive Law § 63 [1]; cf., Schmidt v Magnetic Head Corp., 101 AD2d 268, 277).

We likewise reject petitioner's argument that respondents can be compelled to prolong their investigation of petitioner's allegations. Election Law § 3-104 (2) provides that the "state board of elections may request, and shall receive, the assistance of the state police in any investigation [of Election Law violations] it shall conduct". Here, the Board agreed to investigate petitioner's complaint, investigated with the assistance of respondents and referred the matter to the District Attorney. Accordingly, the statutory requirements have been fulfilled. Moreover, were we to accept petitioner's argument that the District Attorney was the Board's "designee" under Election Law § 3-104 (2), mandamus is still unwarranted, inasmuch as we do not construe the District Attorney's 1990 letter as

requesting respondents' assistance. Finally, mandamus will not lie to compel respondents to perform their duty to investigate in a certain manner. The extraordinary remedy will lie only to compel the performance of a purely ministerial act and may not be used to compel an act as to which respondents may exercise judgment or discretion (see, *Klostermann v Cuomo,* 61 NY2d 525, 539; *Matter of United Methodist Retirement Community Dev. Corp. v Axelrod,* 110 AD2d 292, 294).

We have considered petitioner's remaining assertions of error and find that they are similarly meritless.

Weiss, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.