■ In the Matter of GARY KUSKY, Appellant, v TOWN OF ISLIP et al., Respondents. [595 NYS2d 325] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents to provide toilet facilities for the bathing season at Seaview, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (McInerney, J.), dated September 6, 1990, as vacated, *inter alia,* a previous determination of the court compelling installation of toilet facilities and instead denied the petitioner's application.

Ordered that the judgment is reversed, with costs payable by the respondent Seaview Association of Fire Island, N. Y., Inc., and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

In this proceeding to compel the installation of public toilet facilities at beaches within the Town of Islip, the petitioner has appealed from a judgment denying his application. The court found that the beach at issue herein was not "public" and therefore was exempt from the provisions of the State Sanitary Code pertaining to the provision of toilet facilities *(see,* 10 NYCRR 6-2.13, 6-2.19 [5.0]), promulgated in furtherance of Public Health Law § 1340 (2) (a). It was error for the

court to conclude that the beach at issue was exempt from these requirements. On the contrary, the beach is a "bathing beach" as defined in 10 NYCRR 6-2.2 (a) and it does not fall within the exempted category of beaches set forth in 10 NYCRR 6-2.3 (a).

Moreover, contrary to the contentions of the respondent Seaview Association of Fire Island, N. Y., Inc., and the conclusion of the Supreme Court, the beach at Seaview is of a type which this Court has previously found to fall within the purview of the cited toilet requirements (see, Matter of Pokoik v Department of Health Servs., 138 AD2d 602, 603, affd 72 NY2d 708).

The matter is remitted to the Supreme Court, Suffolk County, for further proceedings so that a determination may be made regarding, among other things, what sort of facilities are to be provided, where such facilities may be located, and who is charged with their installation.

We have reviewed the remaining contentions of the parties and find that none requires a contrary result herein. Bracken, J. P., Lawrence, Copertino and Pizzuto, JJ., concur.