■ In the Matter of GARY KUSKY, Respondent, v TOWN OF ISLIP et al., Appellants. [632 NYS2d 138] —In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel compliance with certain provisions of the Public Health Law and State Sanitary Code, the appeal is from an order of the Supreme Court, Suffolk County (Doyle, J.), entered May 11, 1994, which, *inter alia,* denied the appellants' motion to dismiss the proceeding as academic.

Ordered that on the Court's own motion, the appellants' notices of appeal are treated as applications for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the appeal by the Department of Health Services, County of Suffolk, is dismissed, for failure to perfect the appeal in accordance with the rules of this Court *(see,* 22 NYCRR 670.8 [a]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs, payable by the appellants Seaview Association of Fire Island, N. Y., and the Town of Islip.

In *Matter of Kusky v Town of Islip* (191 AD2d 633), this Court determined that the ocean beach at Seaview, which falls within the Town of Islip was subject to the provisions of Public Health Law § 1340 (2) (a), which mandates the installation of public toilets at bathing establishments. The matter was remitted to the Supreme Court, Suffolk County, for proceedings to determine, *inter alia,* the nature and location of the facilities. However, the appellant, Seaview Association of Fire Island, N. Y., Inc., then applied to the Department of Health Services, County of Suffolk (hereinafter the DOHS) for an exemption, pursuant to the amended version of the relevant provision of the State Sanitary Code, 10 NYCRR 6-2.3 (a), from providing the public toilets, and was granted the exemption. Seaview then moved to dismiss this proceeding as academic in light of the grant of the exemption.

Although Seaview and the Town of Islip contend that the Supreme Court erred in giving preclusive effect to this Court's decision and order in light of the subsequent grant of the exemption, we find the Supreme Court's determination correct in all respects. As implicitly found by the Supreme Court, in determining the previous appeal, this Court had applied, as it was bound to, the law in existence at the time of the appeal

*(see, Matter of Alscot Investing Corp. v Incorporated Vil. of Rockville Centre,* 64 NY2d 921; *Matter of Mascony Transp. & Ferry Serv. v Richmond,* 49 NY2d 969), namely, the amended version of the provision of the State Sanitary Code at issue therein, 10 NYCRR 6-2.3 (a).

The determination made by this Court upon the prior appeal was binding upon the appellants in this proceeding. It was, therefore, improper for Seaview to seek to avoid the effect thereof by thereafter obtaining an administrative determination which was effectively adverse to and in conflict with the decision and order of this Court and then attempting to dismiss this proceeding on the ground that it was academic. Copertino, J. P., Santucci, Altman and Friedmann, JJ., concur.