■ In the Matter of Galvin and Morgan et al., Appellants, v H. Carl McCall, Individually and as Comptroller of the State of New York, et al., Respondents. [674 NYS2d 812] —Peters, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered March 28, 1997 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to state a cause of action.

As a result of an action brought in Federal District Court in January 1996 against Howard Mierek, a former employee of the State Senate, the Attorney-General certified Mierek's entitlement to representation by outside counsel pursuant to Public Officers Law § 17 (2) (b). Such notification indicated that "the State will pay for reasonable attorney's fees and litigation expenses, subject to (1) certification by the head of the agency that Mr. Mierek is entitled to representation under Public Officers Law, § 17, and (2) the audit and warrant of the State Comptroller". Billing matters were to be addressed to Harvey Silverstein, counsel for respondent Comptroller.

Outside representation was commenced by petitioners on behalf of Mierek. In connection therewith, petitioners submit-

ted a bill for services during January 1996 in the amount of $20,107.20 and for services during February 1996 in the amount of $31,185.79. Despite the fact that these bills were based upon a fee schedule provided by respondents, which was less than petitioners' customary fees, they allege being advised that full payment would not be forthcoming without litigation. Respondents, however, contend that billing errors precluded prompt payment. After being advised that only a further reduction of the amount requested could preclude a full audit review, petitioners rejected the offer for settlement and pursued legal action.

This proceeding was thereafter commenced in March 1996 seeking full payment of the subject bills along with interest, costs and punitive damages. Without interposing an answer, respondents moved to dismiss pursuant to CPLR 7804 (f) alleging the failure to satisfy a condition precedent to payment, the lack of an affirmative legal obligation to immediately pay the bills and the failure to state a cause of action ripe for review. After a review of Public Officers Law § 17, Supreme Court found that since the instant proceeding was in the nature of mandamus, it could compel, at most, an audit. However, since section 17 did not require an audit to be performed within a stated time frame and since an audit had already been conducted for the first bill and an insufficient period had passed to have warranted the completion of an audit of the second bill, dismissal of the petition was warranted. Petitioners appeal.

With the action timely commenced pursuant to CPLR 217 (*see, Matter of O'Brien v Regan*, 182 AD2d 869, 870, *lv denied* 80 NY2d 758), we agree with Supreme Court that although " ' "mandamus is an appropriate remedy to enforce the performance of a ministerial duty * * * it will not be awarded to compel an act in respect to which the officer may exercise judgment or discretion" ' " (*Klostermann v Cuomo*, 61 NY2d 525, 539, quoting *Matter of Gimprich v Board of Educ. of City of N. Y.*, 306 NY 401, 406, quoting *People ex rel. Hammond v Leonard*, 74 NY 443, 445). Agreeing that mandamus might lie in appropriate circumstances to compel respondents to conduct an audit pursuant to Public Officers Law § 17 (2) (b) and that mandamus might even lie thereafter to compel the payment of "[r]easonable attorneys' fees and litigation expenses" (Public Officers Law § 17 [2] [b]), under no circumstances could mandamus be utilized to compel respondents to pay the full amounts requested in the unaudited bills submitted.

While it was acknowledged that the first bill had been audited prior to the commencement of this proceeding, the rec-

ord reflects that the second bill was audited soon thereafter and that payment has been made in the amount of $24,007.75— the amount respondents found to be reasonable following the audits and subsequent certification by the Comptroller.* Hence, due to the relief requested herein, we find petitioners' claims to be moot (*see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707). We note, however, that the determination would not preclude a timely challenge to the amount paid by respondents through the commencement of a CPLR article 78 proceeding (*see, Matter of Carlon v Regan,* 98 AD2d 544, 546, *mod* 63 NY2d 1011; *Board of Educ. v State of New York,* 88 AD2d 1057, *affd* 60 NY2d 716).

For these reasons, the petition is dismissed.

White, J. P., Yesawich Jr. and Spain, JJ., concur. Ordered that the petition is dismissed, as moot, without costs.

---

* Although the detailed audits and evidence of payment are dehors the record, they may be considered to address the issue of mootness, properly raised at any time (*see, Matter of Wellman v Surles,* 185 AD2d 464, 465, n 1).