OPINION OF THE COURT
William H. Keniry, J.
The question is whether Local Laws, 1998, No. 5 of the Town *846 of Clifton Park (Local Law No. 5), changing the term of office of one of its supervisors from two to four years, should be declared invalid.
On September 2, 1998 the Town Board of the Town of Clifton Park enacted Local Law No. 5, subject to mandatory referendum, which would change the term of office of three officials, namely the Supervisor who serves on both the Town and County level, the Town Clerk and the Town Superintendent of Highways, from two years to four years. Local Law No. 5 was adopted following a public hearing held that same day. It provides that the term of office of the Town Clerk will increase to four years for the person elected to that office in November 1999 and the terms of office of the Supervisor and Superintendent of Highways will increase to four years for the persons elected to those offices in November 2001.
Petitioner instituted this proceeding under CPLR article 78 contending that the enactment of Local Law No. 5 by the Town is prohibited by the New York Constitution and the Municipal Home Rule Law. Petitioner seeks judgment annulling the resolution which the Town passed in adopting Local Law No. 5, declaring Local Law No. 5 invalid and ordering the referendum removed from the election ballot to be held November 3, 1998.
The gravamen of petitioner’s claim is that the New York Constitution and the Municipal Home Rule Law prohibit a town from adopting a local law extending the term of office for any town office where such officer is also a member of the legislative body of the county. In this case, the Town Supervisor serves as a member of the Town Board of the Town of Clifton Park and the Board of Supervisors of the County of Saratoga.
The court has examined the record of the proceedings and the law. Essentially what the matter distills to is the following:
The Town of Clifton Park may change the term of office of its Town Clerk and/or its Superintendent of Highways under either the Municipal Home Rule Law or the Town Law.
The Town of Clifton Park may not change the term of office of its Supervisor, who serves as a County officer, under the Municipal Home Rule Law. The Town may only change the term of office of such Supervisor under the Town Law.
If the Town of Clifton Park wishes to change the term of office of its Town Clerk and/or its Town Superintendent of Highways under the procedure set forth in the Municipal Home Rule Law, it may do so by enacting a local law.
*847 If the Town of Clifton Park wishes to increase the term of office of any Town official pursuant to the procedure set forth in the Town Law from two to four years, it must, at least 150 days prior to any biennial Town election, adopt a resolution and submit such resolution to the qualified electors of the Town for their approval or disapproval at the next biennial Town election.
Election Day, November 3, 1998, is not a biennial election.[1]
The Town Board held public hearings on two proposed local laws, 61 days before November 3, 1998, a nonbiennial election. One public hearing was held on September 2, 1998 at 7:00 p.m., concerning the proposed adoption of a local law increasing the term of the office of the Town Supervisor who serves on the Town and County level. The second public hearing was held on September 2, 1998 at 7:15 p.m., concerning the proposed adoption of a local law increasing the terms of office of the Town Clerk and Town Superintendent of Highways.
The Town Board then immediately adopted one local law, Local Law No. 5, pertaining to all three public offices. This latter local law was never introduced at any earlier meeting of the Town Board and no public hearing was ever held on this local law.
Article IX, § 2 (c) (ii) (1) of the New York Constitution and section 10 (1) (ii) (a) (1) of the Municipal Home Rule Law contain almost identical provisions which state essentially that local governments, which include towns and cities, shall have the power to adopt local laws not inconsistent with the Constitution or any State law with respect to the “terms of office * * * of its officers * * * except that cities and towns shall not have such power with respect to members of the legislative body of the county in their capacities as county officers”.
It is clear that the Town of Clifton Park is prohibited from enacting a local law extending the term of office of its Town Supervisor under the above-cited provisions of the New York Constitution and the Municipal Home Rule Law.
Nevertheless, the Town did in fact proceed under those statutory provisions to accomplish that objective.
The Town in this proceeding states that since it had authority under Town Law § 24-a to pass a resolution commencing the process of extending the term of the Town Supervisor that *848 it simply enacted a local law instead of a resolution,[2] and then turned to the provisions of the Municipal Home Rule Law to carry out a process of mandatory referendum.
The Municipal Home Rule Law, as noted above, expressly prohibits the Town from extending the Town Supervisor’s term of office under the provisions of that law. Moreover, judicial precedent prohibits the procedure employed in this case. In Matter of Di Paola v Meisser (55 Misc 2d 115), the City of Glen Cove approved a local law extending from two to four years the term of office of certain of its officials including the Mayor who also served as a member of the Board of Supervisors of Nassau County. The local law was adopted under section 10 of the Municipal Home Rule Law and was placed on the ballot at a general election for approval or disapproval by the voters. The validity of the local law was challenged in an article 78 proceeding brought by citizens and electors of the City. Supreme Court held the local law unconstitutional finding that it violated the Municipal Home Rule Law and the New York Constitution and ordered the referendum removed from the election ballot. Supreme Court’s decision was appealed. The decision was upheld by both the Appellate Division of the Second Judicial Department (28 AD2d 1090) and the Court of Appeals (20 NY2d 866). The Di Paola case is controlling precedent notwithstanding the fact that it involved a city since the proscription against extending the term of a member of the county board of supervisors by passage of a local law contained in section 10 of the Municipal Home Rule Law extends to both cities and towns.
Plainly, Local Law No. 5 cannot withstand the legal challenge brought under section 10 of the Municipal Home Rule Law and article IX, § 2 of the New York Constitution.
Nevertheless the court has examined the case in the light of section 24-a of the Town Law.
Section 24-a of the Town Law, in relevant part, is as follows: “1. Notwithstanding the provisions of section twenty-four of this chapter or any other general law, and at least one hundred fifty days prior to any biennial town election, the town board of any town may adopt a resolution to provide that the term of office of each and any elective town official thereafter elected shall be four years, and such resolution shall be submitted to *849 the qualified electors of the town for their approval or disapproval at the next biennial town election. No such resolution shall become effective until approved by the affirmative vote of the majority of the qualified electors of the town voting on such proposition. The submission of such proposition shall be as provided in article seven of this chapter for a referendum thereunder in like manner as if a petition therefor had been filed in accordance with the provisions of this chapter, except that such proposition shall be submitted only at a biennial town election as hereinbefore provided. If the town board shall have adopted such a resolution and if a majority of the votes cast on any such proposition when submitted as herein provided shall be in the affirmative, the terms of office of those town officers included in such proposition and thereafter elected shall be for a period of four years.”
Section 24-a thus authorizes a change in a supervisor’s term from two to four years but only by resolution, enacted 150 days prior to a biennial election and subject to mandatory referendum held in that same biennial election.
The court determines that a town may not legally accomplish a change in a supervisor’s term of office by first enacting a local law under the professed authority of the Town Law and then carrying" out the procedure for mandatory referendum under the Municipal Home Rule Law.
It is the requirement of the law that in order for a town to change the term of office of its town and county supervisor from two to four years it must do so by resolution of the Town Board; the resolution must be passed 150 days before a biennial election; and the mandatory referendum provisions must be accomplished in a biennial election.
The court concludes that Local Laws, 1998, No. 5 of the Town of Clifton Park is unconstitutional and not legally enacted. Next, the court must consider the relief that it must grant.
As noted earlier, this proceeding was commenced under CPLR article 78. Such a proceeding is the appropriate procedural mechanism to remove from the ballot a referendum seeking voter approval of a defective local law (Matter of Di Paola v Meisser, supra), but it may not be used in challenging the constitutionality or validity of a local law or ordinance (Press v County of Monroe, 50 NY2d 695; Matter of Pokoik v Department of Health Servs., 185 AD2d 929). Since the issue of validity of Local Law No. 5 has been expressly raised in the pleadings, the court may convert the proceedings to the extent necessary into a declaratory judgment action pursuant to CPLR *850 103 (c) (Matter of Diamond Asphalt Corp. v Sander, 92 NY2d 244, 253; Matter of FYM Clinical Lab. v Perales, 147 AD2d 840, affd 74 NY2d 539; Matter of Devereaux v New York State Teachers’ Retirement Bd., 75 AD2d 277). The circumstances here warrant conversion so that declaratory relief can be decreed.
As above stated, the Town originally proposed to enact two local laws, one extending the term of the Town Supervisor and a second encompassing the Town Clerk and Town Superintendent of Highways. Yet the Town Board ultimately adopted one local law. The originally intended process, if followed to conclusion, could have resulted in the legal enactment of a local law extending the term of office of the Town Clerk and Town Superintendent of Highways. However, since the Town Board merged the two proposed local laws into one local law the court must now examine the legality of the one local law which was enacted.
Only one conclusion can be reached, namely that Local Law No. 5 is fatally flawed and constitutionally infirm.
The petition is granted, without costs.
The court hereby declares Local Laws, 1998, No. 5 of the Town of Clifton Park to be invalid, annuls Resolution No. 204 of 1998 and grants judgment directing that the referendum seeking voter approval or disapproval of Local Law No. 5 be removed from the ballot at the election to be held on November 3, 1998.

. Town Law § 80 defines “[b]iennial town elections” as those held in “every odd-numbered year”.

. The term ‘local law” is defined in section 2 (9) of the Municipal Home Rule Law. The definition specifies that a local law “shall not mean or include an ordinance, resolution or other similar act of the legislative body or of any other board or body” (Municipal Home Rule Law § 2 [9]).