■ In the Matter of GARY KUSKY, Appellant, v TOWN OF ISLIP et al., Respondents. [699 NYS2d 69] —In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel compliance with provisions of the Public Health Law and State Sanitary Code, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered January 25, 1999, which, *inter alia*, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs payable to the respondent Seaview Association of Fire Island N. Y., Inc.

In *Matter of Kusky v Town of Islip* (191 AD2d 633), this Court determined that the ocean beach at Seaview was subject to the provisions of Public Health Law § 1340 (2) (a), which mandates the installation of public toilets at bathing establishments. The matter was remitted to the Supreme Court, Suffolk County, for proceedings to determine, *inter alia*, the nature and location of the facilities. Then, in *Matter of Kusky v Town of Islip* (219 AD2d 603), we determined that it was improper for Seaview to seek an exemption from providing the public toilets. Although no further proceedings were held, a unisex toilet facility was provided at the beach and Seaview obtained, from the Suffolk County Department of Health Services, a bathing permit for the 1998 season. The petitioner moved to compel compliance with the statutory and code requirements for public beach toilet facilities. The Supreme Court denied the motion as academic because the petitioner had already received the relief sought; that is, Seaview had already been compelled to provide public toilet facilities. The Supreme Court further found that review of the issuance of the beach permit was not properly raised in the context of the instant proceeding for mandamus to compel. Rather, a separate proceeding to review the permit's issuance was required. We agree.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (*see, Matter of Bullion v Safir,* 249 AD2d 386). Mandamus will not be awarded to compel an act with respect to which an administrative agency may exercise judgment or discretion (*see, Klostermann v Cuomo,* 61 NY2d 525, 539; *Matter of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88, 96).

10 NYCRR 6-2.13, as recently amended, requires "[a]dequate toilet and handwashing facilities * * * for all bathing beaches". The determination of whether such facilities are "adequate", is an exercise of judgment by the Department of Health Services which, under Public Health Law § 1340 (2) (a), must approve of their construction at bathing establishments falling within the mandate. Thus, mandamus may not be utilized to compel the respondents to construct the toilet facilities in the manner in which the petitioner deems "adequate" (*see, Matter of Galvin & Morgan v McCall,* 251 AD2d 869).

The petitioner's remaining contention is without merit. Bracken, J. P., S. Miller, Thompson and Friedmann, JJ., concur.