■ In the Matter of JONATHAN ODOM, Appellant, v H. CARL McCALL, as Comptroller of the State of New York, et al., Respondents. [701 NYS2d 480] —Carpinello, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered July 10, 1998 in Washington County, which denied petitioner's application for an order to show cause commencing a proceeding against respondents pursuant to CPLR article 78.

As the result of three claims against the State, petitioner, a prison inmate, obtained judgments totaling $2,826.38. Claiming that respondent Comptroller refused to pay the judgments despite the filing of the necessary documents, petitioner sought to commence a CPLR article 78 proceeding to compel the Comptroller to issue a check in the amount of the judgments and interest payable to petitioner. Supreme Court denied petitioner's application for an order to show cause on the ground that the Court of Claims has exclusive jurisdiction over a claim against the State for money. Petitioner appeals.

Inasmuch as the denial of an ex parte order to show cause is not appealable (see, Matter of Konigsberg v Coughlin, 200 AD2d 848), this appeal must be dismissed. Nor is petitioner entitled to any relief pursuant to CPLR 5704 (a). Furthermore, although a CPLR article 78 proceeding may lie to compel the Comptroller to make payments which involve purely ministerial acts (see, Matter of County of Fulton v State of New York, 76 NY2d 675), the Attorney General submitted evidence demonstrating that the judgments in petitioner's favor were audited and paid by the Comptroller's use of a setoff against the fines and mandatory surcharges imposed on petitioner as a result of his criminal conviction, thereby rendering moot a proceeding to compel (see, Matter of Galvin & Morgan v Mc-

*Call*, 251 AD2d 869, 871). To the extent that the petition can be viewed as alleging that the Comptroller was obligated to pay the judgments only to petitioner, the Comptroller had the authority and the duty to apply the judgments as a setoff (*see, Matter of Carlon v Regan*, 98 AD2d 544, 546-547, *mod on other grounds* 63 NY2d 1011). The petition and other papers in the record reveal no basis for a proceeding in the nature of mandamus to compel payment of the judgments (*see generally, Matter of Brusco v Braun*, 84 NY2d 674, 679) and, in the absence of any likelihood that petitioner could prevail on the merits, there is no reason to disturb Supreme Court's denial of petitioner's application for an order to show cause.

Cardona, P. J., Mercure, Crew III and Graffeo, JJ., concur. Ordered that the appeal is dismissed, without costs.