Paul B. Dusek, Esq. Informal Opinion County Attorney No. 2000-6 County of Warren Warren County Municipal Center 1340 State Route 9 Lake George, N Y 12845-9803
Dear Mr. Dusek:
You have asked whether a town may enact a local law which increases the term of the town supervisor from two to four years in a county in which the town supervisor, by reason of this title, also serves as a member of the county board of supervisors, the legislative body of the county. We conclude that while the town in such circumstances may not enact a local law increasing the town supervisor's term, it may increase the term by resolution subject to mandatory referendum.
It is clear that the town may not act in such a manner by local law. The Municipal Home Rule Law authorizes local governments to adopt and amend local laws, consistent with the Constitution and with general State laws, in relation to:
 The powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees except that cities and towns shall not have such power with respect to members of the legislative body of the county in their capacities as county officers. Municipal Home Rule Law § 10
(1)(ii)(a)(1) (emphasis supplied).
Under this provision, we have previously concluded that the term of a town supervisor who also serves as a member of the county board of supervisors may not be increased. See 1975 Op Atty Gen (Inf) 223); seealso DiPaola v Meisser, 28 A.D.2d 1090 (2d Dep't), aff'd, 20 N.Y.2d 866
(1967).
It seems clear, however, that a town may increase the term of town supervisor from two to four years under a 1981 amendment to section24-a of the Town Law. Under that provision, "the town board of any town may adopt a resolution to provide that the term of office of each and any elected town official thereafter elected shall be four years." The resolution is subject to mandatory referendum. The purpose of the 1981 amendment to section 24-a was to permit towns to overcome the restriction in section 10 of the Municipal Home Rule Law noted in our 1975 opinion. See June 8, 1981 Memorandum from William K. Sanford, Executive Secretary, Association of Towns of the State of New York to Governor Hugh L. Carey, regarding Senate 4181-A (enacted as ch 230 of the Laws of 1981); Memorandum by Assemblymen McCabe and Kennedy regarding Assembly 5651-a (stating that the legislation was intended to permit an increase in the term of a town supervisor in a county with a board of supervisors).
Thus, under section 24-a of the Town Law, any town may, by resolution subject to a referendum, increase the term of its supervisor from two to four years. Section 24-a is an exercise of power by the Legislature pursuant to the home rule article of the Constitution, under which it may confer additional powers on local governments. See N Y Const., Art. IX, § 2(b)(3).
In questioning the authority to increase the town supervisor's term, you cited Kerner v Town of Clifton Park, 178 Misc.2d 845 (Sup.Ct. Saratoga Co. 1998). Kerner, however, is consistent with this opinion. It holds only that the term of a town supervisor who serves on the county board of supervisors may not be increased from two to four years by local law, while noting that such action may be taken by resolution under the provisions of the Town Law.
We conclude that under section 24-a of the Town Law a town may, by resolution subject to mandatory referendum, increase the term of town supervisor from two to four years even where the supervisor serves as a member of the county board of supervisors.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions