■ In the Matter of WILLIAM SALISBURY, Appellant, v IRENE LAPIDEZ, Respondent. [715 NYS2d 667] —In a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the respondent to accept custody of the petitioner's grandchildren pursuant to Social Services Law § 384-a, appoint the petitioner as their foster parent, and pay the petitioner a foster care subsidy, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Franco, J.), entered April 12, 1999, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought (*see, Matter of Kusky v Town of Islip,* 266 AD2d 460; *Matter of Bullion v Safir,* 249 AD2d 386). Mandamus will not be awarded to compel an act with respect to which an administrative agency may exercise judgment or discretion (*see, Klostermann v Cuomo,* 61 NY2d 525; *Matter of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88; *Matter of Kusky v Town of Islip, supra*). The petitioner failed to demonstrate a clear legal right to compel the respondent to accept custody of the children because of his temporary inability to support them and, at the same time, appoint him their foster parent (*see,* Social Services Law § 384-a; *People ex rel. Anne N. v Nassau County Dept. of Social Servs.,* 152 AD2d 30, 34; *Matter of Lee,* 70 AD2d 775; *Matter of David R.,* 101 Misc 2d 41).

In light of our determination, we do not pass on the relative merits of the petitioner's claim concerning the Interstate Compact on the Placement of Children (*see,* Social Services Law § 374-a, art V). Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.