■ Sightseeing Tours of America, Inc., et al., Appellants, and Helicopter Flight Services, Inc., Intervenor-Appellant, v Air Pegasus Heliport, Inc., et al., Respondents. [835 NYS2d 561]—

Order, Supreme Court, New York County (Rosalyn Richter, J.), entered November 21, 2006, which, in a proceeding by petitioners helicopter tour operators to compel respondent Hudson River Park Trust (the Trust) to, inter alia, investigate and enjoin respondent heliport concessionaire Air Pegasus Heliport, Inc. (APH) from imposing higher fees for petitioners' use of the heliport, granted the Trust's and APH's motions to dismiss the petition, unanimously affirmed, without costs.

The Hudson River Park Act (the Act) (L 1998, ch 592), created the Trust, a public benefit corporation to, inter alia, "encourage, promote and expand public access to the Hudson river, promote water-based recreation, and enhance the natural, cultural, and historic aspects of the Hudson river" (§ 2 [b]), "plan, design, develop, construct, operate and maintain the park" (§ 6 [a]), and "provide for the health, safety and welfare of the public using [the park's] facilities" (§ 7 [1] [b]). Since the public does not have any protected interest in helicopter sightseeing at given rates, and since the protection of petitioners' pecuniary interests is not encompassed by any of the Act's purposes, petitioners lack standing to compel the Trust's performance of its asserted duty under the Act to investigate and approve the subject fee increase (see Matter of Transactive Corp. v New York State Dept. of Social Servs., 92 NY2d 579, 587 [1998]; see also Matter of New York State Assn. of Criminal Defense Lawyers v Kaye, 269 AD2d 14, 16-17 [2000], affd on other grounds 96 NY2d 512 [2001]; Hunts Point Term. Produce Coop. Assn., Inc. v New York City Economic Dev. Corp., 36 AD3d 234, 245-246 [2006], lv denied 8 NY3d 827 [2007]), where, as discussed below, they do not claim that the fee increases are discriminatory.

In any event, assuming standing, the petition, which sounds

in mandamus to compel, was correctly dismissed absent any reference to any statute, rule, regulation or case law requiring the Trust to conduct an investigation of APH's pricing practices at the request of an interested party (*see Iocovello v City of New York*, 272 AD2d 201 [2000], *lv dismissed* 95 NY2d 879 [2000] [decision not to conduct an investigation a matter of discretion for which mandamus to compel does not lie]), or other showing of a clear legal right to the relief sought (*see Matter of Council of City of N.Y. v Bloomberg*, 6 NY3d 380, 388 [2006]). We reject petitioners' argument that a duty to investigate and approve is inherent in the Trust's statutory duty to maintain the park and the public trust. Again, the public has no inherent right to helicopter services at a given rate, and the increase affects not the public trust or health, welfare and safety, but only petitioners' economic interests. Nor does it avail petitioners that the Trust might possess a right under the permit governing its relationship with APH to veto fees that are not "fair, reasonable and nondiscriminatory," where the permit expressly prohibits a nonparty from asserting any right or remedy thereunder. Finally, there is no merit to petitioners' claim that the Trust arbitrarily reversed its position regarding review and oversight of APH's fee schedule. Documentary evidence demonstrates that the Trust has always maintained that APH's permit does not give the Trust approval rights over the proposed rate increases, which were contemplated by all relevant contracts, except to insure that rates are nondiscriminatory, i.e., applied equally to all users. It appears that the Trust did in fact determine that the subject rate increase is nondiscriminatory. Concur—Tom, J.P., Friedman, Sullivan, Buckley and Kavanagh, JJ. [*See* 13 Misc 3d 1240(A), 2006 NY Slip Op 52194(U).]