■ In the Matter of OKSLEN ACUPUNCTURE P.C. et al., Appellants, v ERIC R. DINALLO, Superintendent of Insurance of the State of New York, et al., Respondents. [909 NYS2d 696]—

Orders, Supreme Court, New York County (Lewis Bart Stone, J.), entered July 2, 2009, which, in a CPLR article 78 proceeding brought by a medical provider assigned no-fault benefit claims and an injured person eligible for no-fault benefits seeking, inter alia, (1) to compel respondent Superintendent of Insurance to audit and investigate the claims practices of respondent insurers, take appropriate action to remedy misconduct, and publish all findings, (2) to compel respondent National Insurance Crime Bureau (NICB) to cease all investigative activities on behalf of respondent insurers until it becomes licensed under General Business Law article 7, and (3) to compel respondent insurers to take action necessary to insure that their no-fault special investigative unit investigators are qualified under 11 NYCRR 86.6 (c), granted respondents' cross motions to dismiss the petition and directed entry of a judgment dismissing the proceeding, unanimously affirmed, without costs.

The petition was correctly dismissed as against respondent

Superintendent on the ground that it seeks to compel discretionary acts (*see Klostermann v Cuomo*, 61 NY2d 525, 539 [1984]; *LMK Psychological Servs., P.C. v State Farm Mut. Auto. Ins. Co.*, 12 NY3d 217, 223 [2009]; *Sightseeing Tours of Am., Inc. v Air Pegasus Heliport, Inc.*, 40 AD3d 354 [2007], *lv denied* 9 NY3d 817 [2008]). Although Insurance Law § 309 requires the Superintendent to undertake periodic examinations of insurance companies, it appears that the scope of an examination and remedies to be employed to correct misconduct are left entirely to the Superintendent's discretion (*cf.* Insurance Law §§ 310, 311); certainly, petitioner points to nothing in the Insurance Law requiring the Superintendent to investigate particular matters or take specific remedial action based on the findings of an examination. As against the insurers and NICB, a not-for-profit organization funded by the insurance industry, the petition was correctly dismissed in the absence of allegations that petitioners are employees or members of these private parties affected by the discharge of their rules or bylaws (*see Matter of De Petris v Union Settlement Assn.*, 86 NY2d 406, 411 n [1995]; *cf. Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 536-537, 541-542 [1990]). We have considered petitioners' other arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Acosta and Román, JJ. [**Prior Case History: 25 Misc 3d 637.**]