In the Matter of JEFFREY HOROWITZ, Appellant, v NEW YORK CITY POLICE DEPARTMENT, Respondent. [918 NYS2d 370]—

The extraordinary remedy of a writ of mandamus is available in limited circumstances only to compel the performance of a purely ministerial act which does not involve the exercise of official discretion or judgment, and only when a clear legal right to the relief has been demonstrated (*see Klostermann v Cuomo*, 61 NY2d 525, 537 [1984]; *Matter of Salisbury v Lapidez*, 277 AD2d 319 [2000]; *Matter of Kusky v Town of Islip*, 266 AD2d 460, 461 [1999]; *Matter of Bullion v Safir*, 249 AD2d 386 [1998]; *Matter of Peirez v Caso*, 72 AD2d 797 [1979]). Here, the petitioner sought to compel the respondent to perform the discretionary act of continuing the investigation of an alleged

larceny of a relatively small amount of money that occurred in 2006, in the hope that the investigation may allow the petitioner to expose alleged widespread nursing home abuses. Since the conduct which the petitioner sought to compel clearly involves the application of police discretion and judgment, the remedy of mandamus was not available (*see e.g. Matter of Walsh v LaGuardia*, 269 NY 437 [1936]; *Matter of Okslen Acupuncture P.C. v Dinallo*, 77 AD2d 451, 452 [2010]; *Matter of Grzyb v Constantine*, 182 AD2d 942 [1992]; *Matter of Young v Town of Huntington*, 121 AD2d 641, 642 [1986]; *Matter of Perazzo v Lindsay*, 30 AD2d 179, 180, [1968], *affd* 23 NY2d 764 [1968]). Accordingly, the Supreme Court properly granted the respondent's motion to dismiss the proceeding on the merits, and dismissed the proceeding. Mastro, J.P., Skelos, Eng and Sgroi, JJ., concur.