Matter of Trinity NYC Hotel, LLC v Metropolitan Transp. Auth. (2021 NY Slip Op 00643)





Matter of Trinity NYC Hotel, LLC v Metropolitan Transp. Auth.


2021 NY Slip Op 00643


Decided on February 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 04, 2021

Before: Kapnick, J.P., Mazzarelli, Moulton, Shulman, JJ. 


Index No. 150665/20 Appeal No. 13033 Case No. 2020-02427(1) 

[*1]In the Matter of Trinity NYC Hotel, LLC, Petitioner-Respondent,
v
Metropolitan Transportation Authority et al., Respondents-Appellants.
In the Matter of Metropolitan Transportation Authority, Petitioner-Plaintiff-Appellant,
v
Anthony T. Rinaldi, LLC, et al., Respondents-Defendants-Respondents.


Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York (John G. Nicolich of counsel), for appellants.
Herrick, Feinstein LLP, New York (William R. Fried of counsel), for Trinity NYC Hotel, LLC, respondent.
Rukab Brash PLLC, Great Neck (Jason B. Jacobs of counsel), for Anthony T. Rinaldi, LLC and The Rinaldi Group, LLC, respondents.



Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about March 26, 2020, which (i) granted Trinity NYC Hotel LLC's motions for a preliminary injunction preventing Metropolitan Transportation Authority (the MTA) and respondent New York City Transit Authority (NYCTA) (together, the Authorities) from moving or interfering with a construction fence on the sidewalk outside Trinity's property and from enforcing a Stop Work Order, pending determination of its petition to annul the Stop Work Order and for a judgment declaring that its due process rights were violated; (ii) denied the Authorities' cross motion to dismiss Trinity's petition; (iii) granted Trinity and its contractors Anthony T. Rinaldi LLC and the Rinaldi Group LLC's cross motion to dismiss the MTA's petition-complaint asserting a claim for common-law trespass and for a writ of mandamus requiring removal of the fence and other property from the sidewalk; and (iv) denied as moot the MTA's motion for a preliminary injunction requiring removal of the fence and property, unanimously modified, on the law, to deny Trinity's motion for a preliminary injunction, deny Trinity and Rinaldi's cross motion to dismiss the MTA's petition-complaint to the extent of converting the article 78 mandamus claim to an equitable cause of action against Trinity based on a violation of the Building Code, and otherwise affirmed, without costs, except that the appeal from the portions thereof that involve Rinaldi is dismissed, without costs, as moot.
Order, same court and Justice, entered on or about June 10, 2020, which, to the extent appealed from as limited by the briefs, (i) granted Trinity's motion for a second preliminary injunction preventing the MTA and NYCTA from maintaining a letter to nonparty New York City Department of Transportation (DOT) providing notice that they would occupy the street and sidewalk and from interfering with Trinity's permits; and (ii) denied the MTA and NYCTA's cross motion for renewal, unanimously modified, on the law, to deny Trinity's motion for a preliminary injunction, and otherwise affirmed, without costs, except that the portion of the appeal thereof that involves Rinaldi is dismissed, without costs, as moot.
In moving for injunctive relief, Trinity focused on whether the MTA and NYCTA were authorized to occupy the sidewalk so that the developer of a neighboring property could install an elevator in a subway station. By doing so, Trinity failed to demonstrate the requisite likelihood of success on the merits (see Nobu Next Door, LLC v Fine Arts Hous., Inc., 4 NY3d 839, 840 [2005]). The MTA may provide for improvements to subway stations, upon NYCTA's request, "by contract, lease or other arrangement on such terms as the authority may deem necessary, convenient or desirable with any person" (Public Authorities Law (PAL) § 1266[2]). It also "may, upon suitable notice to and an offer to consult with an officer designated by the City of New York, occupy the [*2]streets of the city of New York for the purpose of doing any work over or under the same in connection with the improvement . . . of a transportation facility" (PAL 1266[12]). The statute does not limit the MTA's exercise of the right to occupy city-owned streets based on the entity performing or funding an improvement, the size of the project, or the event triggering the improvement, as "the legislature's use of the term 'in connection with' indicates its intent for a broad application" (People v Holz, 35 NY3d 55, 60 [2020]; see Matter of Sinker [Sweeney], 89 NY2d 485, 487-488 [1997]). Nor does the record show a likelihood of success on the merits of Trinity's claims that the MTA's letter providing DOT notice under PAL § 1266(12), and the Stop Work Order following months of negotiations with Trinity about access to the sidewalk, were issued arbitrarily (see CPLR 7803[3]).
The MTA's cause of action for CPLR article 78 relief in the nature of a writ of mandamus to compel should be converted into an "ordinary action in equity" (Matter of Phalen v Theatrical Protective Union No. 1, 22 NY2d 34, 38-41 [1968], cert denied 393 US 1000 [1968]; see CPLR 103[c]). Article 78 proceedings against corporations (CPLR 7802[a]) are limited to situations where the "petitioners are employees or members
of . . . private parties affected by the discharge of their rules or bylaws" (Matter of Okslen Acupuncture P.C. v Dinallo, 77 AD3d 451, 452 [1st Dept 2010], lv denied 16 NY3d 703 [2011]; see Vincent C. Alexander, Practice Commentaries 7802:1). Nevertheless, the MTA has a cause of action against Trinity for failure to secure its approval after the conditional approval of Trinity's DOT-issued sidewalk permit lapsed in April 2019 (Administrative Code of City of NY § 3304.3.5).
The MTA's right to occupy the street and sidewalk does not constitute "sufficient property rights to maintain an action for trespass" (Bloomingdales, Inc. v New York City Tr. Auth., 13 NY3d 61, 66 [2009]). Nor did the MTA demonstrate its entitlement to a preliminary injunction, as the balance of equities does not tip in its favor (see Nobu Next Door, LLC, 4 NY3d at 840). Both Trinity and the MTA face potential litigation risks arising from a delay in construction. However, Trinity also faces the loss of the license to the hotel name and a potential default of its loan agreement, while the delay will not substantially increase the MTA's potential liability under disability discrimination laws, given that the subway station in question has existed for more than a century without an elevator and that the vast majority of the MTA's stations will continue to lack elevators even after this project is completed (see e.g. Center for Independence of the Disabled v Metropolitan Transp. Auth., 184 AD3d 197, 201 [1st Dept 2020]).
As for MTA's renewal motion, even if the improperly presented evidence were considered, it would not change the outcome (see CPLR 2221[e][2], [3]). Trinity's apparent acknowledgement [*3]to the Empire State Development Corporation concerning the transit-related purpose of its construction is not relevant to whether the MTA exercised its right to occupy the sidewalk or issued its Stop Work Order arbitrarily or failed to provide due process.
The appeals from the dismissal of the MTA's petition-complaint, the denial of its preliminary injunction motion, and the denial of the MTA and NYCTA's renewal motion are moot insofar as they involve Rinaldi, which has ceased operating as Trinity's general contractor (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 4, 2021